IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ADLER MEDICAL, LLC <br> 4121 Montgomery Blvd. NE <br> Albuquerque, NM  87109 <br><br> and <br><br> WALT ARNOLD <br>    COMMERCIAL BROKERAGE, INC. <br> 6200 Seagull Ln. NE <br> Suite A <br> Albuquerque, NM  87109 <br><br> and <br><br> XUAN NATION, LLC <br> 1800 Unser Blvd. NW <br> Suite 600 <br> Albuquerque, NM  87120 <br><br> and <br><br> NM CCIM CHAPTER OF THE COMMERCIAL <br>    INVESTMENT REAL ESTATE INSTITUTE <br> 6739 Academy Rd. NE <br> Albuquerque, NM  87109 <br><br>      Plaintiffs, <br><br> v. <br><br> BLAINE HARRINGTON III <br> 7533 South Overlook Way <br> Littleton, CO  80218 <br><br>      Defendant. | Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT, VIOLATION OF THE NEW MEXICO UNFAIR PRACTICES ACT, AND PRIMA FACIE TORT**

Plaintiffs bring their Complaint against Defendant Blaine Harrington III ("Mr.

Harrington") and allege as follows:

## I.   PARTIES

1.      Adler Medical, LLC ("Adler Medical") is a limited liability company organized in and operating under the laws of the State of New Mexico, with its offices located at the address shown in the caption of this pleading.  It is in the business of operating a family practice clinic providing healthcare services to the public.

2.      Walt Arnold Commercial Brokerage, Inc. ("Arnold Brokerage") is a corporation organized in and operating under the laws of the State of New Mexico, with its offices located at the address shown in the caption of this pleading.  It is in the business of providing commercial real estate services to the public.

3.      Xuan Nation, LLC ("Xuan") is a limited liability company organized in and operating under the laws of the State of New Mexico, with its offices located at the address shown in the caption of this pleading.  It is in the business of operating restaurants that are open to the public.

4.      NM CCIM Chapter of the Commercial Investment Real Estate Institute ("CCIM") is a non-profit corporation organized in and operating under the laws of the State of New Mexico, with its offices located at the address shown in the caption of this pleading.  It is organized to provide information about real estate investment for its members.

5.      Defendant Blaine Harrington III ("Mr. Harrington") is a photographer and businessman who conducts the business of luring innocent individuals and profit and non-profit businesses into downloading copies of photographs he has taken in New Mexico, and elsewhere, while consciously allowing those photographs to be publicly available on the internet from sources that do not identify him as the photographer or copyright owner, and then threatening to sue or

suing those individuals or entities in order to exact money from them.

## II.  JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction over Plaintiffs' Complaint by which Plaintiffs seek a declaratory judgment, acting pursuant to the Federal Declaratory Judgment Act, 28 U.S. Code § 2201, that Plaintiffs are not liable to Defendant for copyright infringement under the U.S. Copyright Act of 1976, 17 U.S.C. § 101 et sec, for them having downloaded an image of a photograph in which Defendant claims to own the copyright, under the circumstances described herein.  In addition, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as Mr. Harrington is a citizen residing in Colorado and all the Plaintiffs are citizens and residents of New Mexico, and the amount at issue exceeds the value of $75,000 exclusive of interest and costs.  Further this Court has supplemental jurisdiction with respect to non-federal claims that arise from a common factual core and form part of the whole case or controversy between the Parties, pursuant to 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Mr. Harrington, who has acted as a photographer in New Mexico and regularly photographs people, places and events in New Mexico which he then utilizes to conduct his business as described herein.  In connection with that business Mr. Harrington has threatened to sue and in numerous instances has sued residents of New Mexico, using the U.S. District Court in New Mexico on repeated occasions to bring suit against New Mexico residents in furtherance of his business.  Defendant is accordingly subject to the jurisdiction of this Court under the provisions of the New Mexico Long-Arm Statute, 1978 NMSA, § 38-1-16.

8.      Venue is properly found in this judicial district, where Mr. Harrington is subject to the Court's jurisdiction and where he regularly conducts business, and where a substantial part of

the events giving rise to Defendant's actions that are the subject of Plaintiffs' claims occurred, and where resulting injuries to Plaintiffs have been and will continue to be suffered until the relief sought herein is granted, pursuant to the general venue statute, 28 U.S.C. § 1391.

## III. BACKGROUND FACTS

9.      Mr. Harrington conducts the business of a copyright troll.  In the conduct of his business Mr. Harrington has taken photographs featuring scenic views of New Mexico, including the Albuquerque skyline, mountains in New Mexico, and images of hot air balloons at the time of Albuquerque's Annual Balloon Fiesta, as well as of other picturesque locations throughout the United States.  Rather than, or in addition to, concentrating his business on the sale or licensing of those images, Mr. Harrington has pursued a believed-to-be unique business model, by which he has knowingly allowed his photographs to be available to the public on websites without providing notice that he claims to be the photographer or copyright owner of those photographs, all done intentionally so as not to inform members of the public of his claim to such ownership; then monitors public access to those websites to identify persons who download those images; then engages in searches of the web to determine if those persons who have downloaded the subject images use them for any purpose; and upon learning of such uses, retains lawyers to contact the persons who have downloaded and used the images, who announce his claim to copyright ownership of the subject images and threaten to sue the persons unless they pay him an exorbitant amount that could fairly be characterized as extortionate, given the market value for such images.

10.      If persons so identified by Mr. Harrington decline to pay him, Mr. Harrington regularly files suit for copyright infringement against those persons in federal courts throughout the United States.  On information and belief Mr. Harrington has threatened hundreds of such persons with copyright infringement lawsuits over the past several years, most of whom have paid

amounts far beyond the fair value of the use of those photographs simply to avoid the even greater likely costs of litigation; and has filed suit against individuals who decline to settle in those courts in at least 75 instances over the same time period.  A disproportionate number of the suits Mr. Harrington has filed have been filed in the United States District Court for New Mexico.

11.     All the actions described above are a part of a scheme Mr. Harrington has developed and pursues in order to lure individuals into downloading images of photographs in which he claims to own copyright; to then monitor access to those images by securing the specialized services of one or more companies with expertise in such matters in order to determine who has downloaded them and used them for any purpose that may be determined by access to the internet; and then with the assistance of legal counsel threaten to sue and sue such persons for amounts that are legally unreasonable, excessive and extortionate, knowing that the costs of defense of such claims, whether or not they are valid, would considerably exceed the cost of tribute demanded by the photographer who has orchestrated the scheme.

12.     Adler Medical provides information about its services on a website.  Several years ago it hired a website designer to create its website, found at www.adlerfamilypractice.com, which included a background photograph that Adler Medical's manager had found by searching the web. The website where the image was found did not identify a photographer or copyright proprietor of that image.  Adler Medical's owners recently received a letter from Copycat Legal asserting that a photograph appearing on its website showing the Albuquerque skyline had been taken by Mr. Harrington and that he owned the copyright in that photograph.  The letter asserted that Adler Medical had 14 days to pay $30,000 for its infringement of Mr. Harrington's copyright in that photograph, or face a lawsuit for infringement, in which he would seek damages of $150,000.  A draft complaint was attached to the letter.  A copy of the letter, with the draft complaint, is attached

hereto as Exhibit A.

13.     Arnold Brokerage provides information about its services on a website.  Several

years ago it hired a website designer to create its website, found at www.waltarnold.com, which

included a background photograph that an Arnold Brokerage employee had found by searching

the web.  The website where the image was found did not identify anyone as the photographer or

copyright proprietor of that image.  Arnold Brokerage's president recently received a letter from

Copycat Legal asserting that a photograph appearing on its website showing buildings against a

mountain background had been taken by Mr. Harrington and that he owned the copyright in that

photograph.   The letter asserted that Arnold Brokerage had 14 days to pay $30,000 for its

infringement of Mr. Harrington's copyright in that photograph, or face a lawsuit for infringement

in which he would seek damages of $150,000.  A draft complaint was attached to the letter.  A

copy  of the letter, with the draft complaint, is attached hereto as Exhibit B.

14.     Xuan provides information about its restaurant services on a website.  Several years

ago it hired a firm to create its website, found at www.xuanasianabq.com, which included a

background photograph of colorful hot air balloons that Xuan's designer had found by searching

the web.  The website where the image was found did not identify anyone as the photographer or

copyright proprietor.  Xuan's owner recently received a letter from Copycat Legal asserting that

the photograph appearing on its website had been taken by Mr. Harrington and that he owned the

copyright in that photograph.  The letter asserted that Xuan had 14 days to pay $30,000 for its

infringement of Mr. Harrington's copyright in that photograph, or face a lawsuit for infringement,

in which he would seek damages of $150,000.  A draft complaint was attached to the letter.  A

copy  of the letter, with the draft complaint, is attached hereto as Exhibit C.

15.     CCIM provides information about its services on a website.  Approximately five

years ago a website was created for CCIM, found at www.ccimconnect.com/ ccimnewmexico/aboutus/leadership, which included a background photograph of hot air balloons which the creator of CCIM's website found on the internet.  On information and belief the website where the image was found did not identify anyone as the photographer or copyright proprietor.  CCIM's president recently received a letter from Copycat Legal asserting that a photograph appearing on its website showing the Albuquerque skyline had been taken by Mr. Harrington and that he owned the copyright in that photograph.  The letter asserted that CCIM had 14 days to pay $30,000 for its infringement of Mr. Harrington's copyright in that photograph, or face a lawsuit for infringement, in which he would seek damages of $150,000.  A draft complaint was attached to the letter.  A copy  of the letter, with the draft complaint, is attached hereto as Exhibit D.

16.     The letters sent to each of the Plaintiffs were identical, excepting only that the particular photographs they were alleged to have infringed were different.  In each case the photograph had been found by the Plaintiff or a third-party hired by it on a website that provided no information or indication that the photograph had been taken by, or the copyright was owned by, Mr. Harrington.  Mr. Harrington has long been aware that his photographs were available on websites that did not identify him as the owner or copyright proprietor of the images in question; and for years he took no action to notify the hosts of the websites that the images were his and should be removed.  He knew and intended that having these photographs available on those websites might induce innocent users to download his photographs.

17.     Acting in accordance with his business model as described above, Mr. Harrington employed a specialized search service to identify persons such as Plaintiffs, as having downloaded an image of a photograph he had taken and posted the subject image as background to their own

websites; and then directed his lawyers to threaten and if necessary pursue a claim for copyright infringement against such persons unless they paid an extortionate amount to compensate Mr. Harrington for the infringement.

18.     In all their actions described above, Plaintiffs were unaware of any claim by Mr. Harrington that copyright in the images was owned by Mr. Harrington; and had no reasonable way of knowing so.  Promptly upon receiving the letter from Mr. Harrington's lawyers referenced above, Plaintiffs took steps to remove the images from their websites, and have committed not to make any further use or reproduction of the subject images.

19.     After taking down the images from their websites Plaintiffs contacted undersigned counsel who agreed to represent them should Mr. Harrington continue to seek any compensation or pursue any claim for damages against Plaintiffs for copyright infringement.  Undersigned counsel contacted Mr. Harrington's attorneys, who advised him that Mr. Harrington would file suit unless a payment acceptable to him would be made.

## COUNT I
### (Declaratory Judgment under 28 U.S.C. § 2201 et seq.)

20.     Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 19 above.

21.     There exists an actual controversy between the Parties as to whether Mr. Harrington, by his conduct described herein, has been and is misusing protection provided by the U.S. Copyright Act to owners of works of authorship in threatening to sue Plaintiffs.

22.     For the reasons set forth above, Mr. Harrington has misused and is further threatening to misuse any copyright he owns in the images that are the subject of his threatened claims against Plaintiffs, and Plaintiffs are entitled to a declaratory judgment that Defendant's conduct precludes any claim for copyright infringement he has threatened against Plaintiffs.

## COUNT II
**(Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 et seq.)**

23.    Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 22 above.

24.    By his actions described above, Mr. Harrington has acted knowingly and willfully, as part of his regular course of business conduct prior to and in connection with his dealings with Plaintiffs, to lure Plaintiffs and many others into unwittingly committing entirely innocent violations of the Copyright Act, and to threaten and sue Plaintiffs unless they met his extortionate demands, and in doing so falsely represent that Mr. Harrington is acting in good faith in legitimate pursuit of his rights, all in a way that is injurious to the targets of his misconduct, such as Plaintiffs herein, and the myriad of other members of the consuming public who in the past have been and in the future may be entrapped by his calculated misuse of the copyright laws.  All this is injurious to the public and fair competition with respect to other photographers who do not engaged in such misuse of their copyrights.

25.    By these actions described above Mr. Harrington has damaged Plaintiffs and threatens to further damage Plaintiffs and others, in violation of the New Mexico Unfair Practices Act, and Plaintiffs are entitled to recover three times their actual damages and to receive an award of attorneys fees they reasonably incur in securing relief they are seeking.

## COUNT III
**(Prima Facie Tort)**

26.    Plaintiffs reallege and incorporate herein by reference the allegations in paragraphs 1 through 25 above.

27.    By intentionally committing the actions described herein of asserting ownership of copyright in his photographic image and threatening to sue for infringement, Defendant engaged

9

in conduct that would be legal, had he not done so after having knowingly and intentionally lured

Plaintiffs into downloading and reproducing the subject image as part of his business model, but

here for the improper purpose of attempting to exact extortionate payment from Plaintiffs.

28.     By his actions described above Mr. Harrington's conduct was for the purpose of

and has had the effect of causing damage to Plaintiffs, and Plaintiffs are accordingly entitled to

recover damages for prima facie tort, in an amount to be determined at trial.

WHEREFORE Plaintiffs pray this Court enter judgment in its favor as follows:

1.      DECLARE that any claim for copyright infringement Defendant has threatened

against Plaintiffs as described herein is barred by Defendant's misuse of copyright,

2.      ORDER that Defendant be permanently enjoined from threatening to sue or suing

Plaintiffs for copyright infringement with respect to images Defendant makes publicly available

without identifying the fact that such images are subject to copyright protection or that he is the

copyright owner of the image, acting pursuant to Defendant's business model by which he attempts

to lure innocent persons to download and use such images.

3.      ORDER Defendant to pay Plaintiffs damages in an amount to be proven at trial.

4.      ORDER Defendant to pay Plaintiffs damages in an amount three times their actual

damages.

5.      ORDER Defendant to pay Plaintiffs punitive damages for Defendant's knowing,

willful and malicious action in violation of Plaintiffs' rights.

6.      ORDER Defendant to pay Plaintiffs the attorneys fees they reasonably incur in

seeking relief in this matter.

7.      ORDER Defendant to pay Plaintiffs the costs they incur allowable by law.

8.      ORDER Defendant to pay Plaintiffs post-judgment interest on all amounts awarded

to them, at the statutory rate.

        9.      ORDER such further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury on all claims asserted herein for which trial by jury is

allowed.

                             Respectfully submitted,

                             PEACOCK LAW P.C.
                             By: /s/ Jeffrey L. Squires
                             Jeffrey L. Squires
                             NM Bar No. 143015
                             Marco H. Santamaria
                             NM Bar No.  150296
                             201 Third St. NW
                             Suite 1340
                             Albuquerque, NM 87102
                             Tel: (505) 998-6116
                             Fax: (505) 243-2542
                             *Attorneys for Plaintiffs*

11
