EXHIBIT B



Copycat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T   877-HERO-CAT (877-437-6228)
E   help@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

January 5, 2022

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL** (walt.arnold@svn.com)

Walt Arnold Co    :a  Brokerage, Inc.
Attn: Walt Arnold
6200 Seagull Street NE
Suite A
Albuquerque, NM 87109

*RE:*    ***Blaine Harrington III v. Walt Arnold Commercial Brokerage, Inc.***

Dear Mr. Arnold:

This law firm represents Blaine Harrington III.  I am writing to you because it appears that one or more of our client's copyrighted works was utilized for commercial purposes by Walt Arnold Commercial Brokerage, Inc. without first obtaining or purchasing a license from our client.  Such unauthorized use constitutes federal copyright infringement under 17 U.S.C. § 501 in addition to other claims potentially arising under federal law.  This letter is sent pursuant to Federal Rule of Civil Procedure 408 and is for settlement purposes only.  This letter is an attempt to amicably resolve the dispute specified herein prior to initiation of litigation in which damages, costs, and attorneys' fees will be sought. To the extent we cannot resolve this matter privately, please see the enclosed draft Complaint that we intend to have filed in the United States District Court for the District of New Mexico.

Our client is a well-known and highly regarded travel/location photographer based in Denver, CO.  Mr. Harrington is a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career) and has worked on assignment for most major news, business and travel magazines.  With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Mr. Harrington has expert knowledge of Europe, as well as most regions of the world.  Our client maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

Mr. Harrington's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation,

Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

The unauthorized use of our client's work deprives him of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing his rights.

Our client previously took a professional photograph of the skyline of downtown Albuquerque titled "20121008_nm-tex_2026." To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph. Notwithstanding this lack of authorization, we have identified the subject photograph appearing on Walt Arnold Commercial Brokerage, Inc.'s website (at https://www.waltarnold.com/). Screenshots of the photograph, together with our client's federally registered copyright information, are attached to and described more fully in the attached draft Complaint.

I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages/attorneys' fees if we are forced to file the enclosed lawsuit. Keep in mind that attorneys' fees include those you will be forced to incur to mount a defense (if any) *and* potentially the attorneys' fees/costs we will incur to pursue the matter (which may be awarded) if our client prevails in court. It is important that you are cognizant of that exposure in deciding how to respond to this letter. Assuming our client prevails in court, 17 U.S.C. § 504(c)(1) provides our client the right to recover statutory damages (for *each work* that was infringed) "in a sum of not less than $750 or more than $30,000 as the court considers just." Further, if the infringement was committed "willfully," the court may increase the award of statutory damages (for *each work* that was infringed) "to a sum of not more than $150,000.

Courts in the Tenth Circuit (which covers Colorado, Utah, Wyoming, Kansas, Oklahoma, and New Mexico) have not hesitated (where appropriate) to impose substantial statutory damages against copyright infringers. See, e.g. Stockart.com, LLC v. Engle, Civil Action No. 10-cv-00588-MSK-MEH, 2011 U.S. Dist. LEXIS 20470 (D. Colo. Feb. 18, 2011) (awarding $240,000.00 in statutory damages for the infringement of 8 images); Live Face On Web, LLC v. Integrity Sols. Grp., Inc., 421 F. Supp. 3d 1051, 1060 (D. Colo. 2019) (in case involving infringement of software code, denying defendant's motion to set aside $262,197.00 verdict in plaintiff's favor); Shive v. J&C Baseball Clubhouse, Inc., No. CIV 15-0406 JB/JHR, 2018 U.S. Dist. LEXIS 36475 (D.N.M. Mar. 5, 2018) (recommending that court adopt jury award of $150,000.00 of statutory damages stemming from infringement of registered photograph).

Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for attorneys' fees which are also recoverable under the Copyright Act.

Please note that Section 504 of the Copyright Act provides for the recovery of statutory damages (as explained above) or (at our client's election) actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue and make an election that is most beneficial to our client.

While this is a serious matter, it is not particularly complex. The utilization of our client's work(s) without proper authorization constitutes copyright infringement, and we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. To that end, my client's demand is simple:

> *You shall pay Thirty Thousand Dollars ($30,000.00) within fourteen (14) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).*

Please contact us within the above-stated period to arrange for payment. If payment is received as described above, we will forego the filing of a lawsuit. Otherwise, please be aware that our client does not shy away from enforcing his rights in court.

Further, you should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

This letter is not intended as one in a series of threatening letters on this subject. Rather, we demand that you respond affirmatively and immediately. If we do not receive such from you or otherwise hear from you to arrange payment, we will file the enclosed lawsuit and allow the courts to decide the matter.

Finally, while removing the unlicensed photograph(s) from commercial display is required, please understand that *removal alone is insufficient to end this matter*. If you do not contact us to arrange for payment for your existing/past use of the photograph(s), a lawsuit *will* be filed and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,

Daniel DeSouza, Esq.
Shareholder – For the Firm

Very truly yours,

James D'Loughy, Esq.
Shareholder – For the Firm

DD/da
Encl.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. _____

BLAINE HARRINGTON III,

      Plaintiff,

v.

WALT ARNOLD COMMERCIAL
BROKERAGE, INC.,

      Defendant.

_____

## COMPLAINT

    Plaintiff Blaine Harrington III ("Plaintiff") sues defendant Walt Arnold Commercial Brokerage, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

    1.    Plaintiff is an individual who is a citizen of the State of Colorado.

    2.    Defendant is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business located at 6200 Seagull Street NE, Suite A, Albuquerque, NM 87109.  Defendant's agent for service of process is: Walt Arnold, 6200 Seagull Lane, Suite A, Albuquerque, NM 87109.

## JURISDICTION AND VENUE

    3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

    4.    This Court has personal jurisdiction over Defendant because it maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5.       Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

**I.       Plaintiff's Business**

6.       Plaintiff is a well-known and highly regarded travel/location photographer based in Denver, CO, a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business and travel magazines.

7.       With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Plaintiff has expert knowledge of Europe, as well as most regions of the world.  He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

8.       Plaintiff's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

**II.      The Work at Issue in this Lawsuit**

9.      In 2012, Plaintiff created a professional photograph of the skyline of downtown Albuquerque titled "20121008_nm-tex_2026" (the "Work").  A copy of the Work is exhibited below.



10.     The Work was registered by Plaintiff with the Register of Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

11.     Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

**III.    Defendant's Unlawful Activities**

12.     Defendant is a commercial real estate brokerage firm located in Albuquerque, NM. Defendant employs at least fifteen licensed real estate brokers/professionals.

13.     Defendant advertises/markets its business primarily through its website (https://www.waltarnold.com/), social media (e.g. https://www.facebook.com/svnwaltarnold/), and other forms of advertising.

14.     On a date after Plaintiff's above-referenced copyright registration of the Work,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendant published the work on its website (at https://www.waltarnold.com/) as the main title/banner image thereon:



15.     A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

16.     Defendant is not and has never been licensed to use or display the Work.  Defendant never contacted Plaintiff to seek permission to use the Work in connection with its business or for any other purpose.

17.     Defendant utilized the Work for commercial use — namely, in connection with the marketing of its real estate business.

18.     Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

19.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Plaintiff discovered Defendant's unauthorized use/display of the Work in January 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past/existing infringement of his Work.

## COUNT I – COPYRIGHT INFRINGEMENT

20.     Plaintiff re-alleges and incorporates paragraphs 1 through 19 as set forth above.

4

21.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

22.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

23.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website.

24.     Defendant reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

25.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

26.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright.  As a commercial real estate business with multiple licensed realtors amongst its staff, Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

27.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

28.     Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

29.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

30.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover his costs and attorneys' fees as a result of Defendant's conduct.

31.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continue to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

g.  For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.


Dated: _____, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ _____
        Daniel DeSouza, Esq.
        Florida Bar No.:  19291

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Exhibit "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VAu 1-132-209**

**Effective date of registration:**

March 5, 2013

---

## Title

**Title of Work:** Blaine Harrington III Photography 20120116-20121129 12,692 Unpublished Photos

## Completion/Publication

**Year of Completion:** 2012

## Author

**Author:** Blaine Harrington III

**Author Created:** photograph(s)

**Work made for hire:** No

**Citizen of:** United States    **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Blaine Harrington III

7533 South Overlook Way, Littleton, CO, 80128, United States

## Limitation of copyright claim

**Material excluded from this claim:** text, jewelry design, architectural work, 2-D artwork, sculpture, map

**New material included in claim:** photograph(s)

## Rights and Permissions

**Name:** Blaine Harrington III

**Email:** blaineharr@comcast.net    **Telephone:** 303-932-9062

**Address:** 7533 South Overlook Way

Littleton, CO 80128 United States

## Certification

**Name:** Blaine G. Harrington III

**Date:** March 5, 2013

Exhibit "B"

