IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00072-SCY-LF

ADLER MEDICAL, LLC, WALT ARNOLD
COMMERCIAL BROKERAGE, INC., XUAN
NATION, LLC, and NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT
REAL ESTATE INSTITUTE,

      Plaintiffs,

v.

BLAINE HARRINGTON,

      Defendant.

---

## ANSWER, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

Defendant Blaine Harrington III ("Defendant"), as and for his Answer and Affirmative Defenses to plaintiffs Adler Medical, LLC ("Adler Medical"), Walt Arnold Commercial Brokerage, Inc. ("Walt Arnold Commercial Brokerage"), Xuan Nation, LLC ("Xuan Nation"), and NM CCIM Chapter of the Commercial Investment Real Estate Institute's ("NM CCIM") (collectively, the "Plaintiffs") Complaint for Declaratory Judgment, Violation of the New Mexico Unfair Practices Act, and Prima Facie Tort (the "Complaint"), respectfully pleads as follows:

I.    **PARTIES**

1.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

2.    Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

3.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

4.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph.

5.     Defendant admits that he is a professional photographer who sells prints and/or licenses certain works in his photography collection.  Defendant denies the remaining allegations contained in this paragraph.

## II.     JURISDICTION AND VENUE

6.     Defendant admits that the Court has subject matter jurisdiction over Plaintiffs' claim for declaratory judgment.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

7.     Defendant admits that personal jurisdiction with respect to this dispute is proper in New Mexico.  Defendant denies the remaining allegations contained in this paragraph.

8.     Defendant admits that venue properly lies in this district pursuant to 28 U.S.C. § 1400(a).  Defendant denies the remaining allegations contained in this paragraph.

## III.     BACKGROUND FACTS

9.     Defendant admits that he has taken a number of professional photographs of New Mexico, at least one of which was acclaimed as a Bing Photo of the Day.  Defendant further admits that he occasionally utilizes reverse image searching (on sites such as www.google.com and www.bing.com) to identify instances of infringement of his professional work and that, when appropriate, will utilize the services of one or more attorneys to pursue legal action against such infringers.  Defendant denies the remaining allegations contained in this paragraph.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

10.     Defendant admits that, given the fact that his professional work has been infringed thousands of times on the internet, he has engaged counsel numerous times to pursue infringers to both remove the improperly-displayed work and for monetary compensation.  Defendant further admits that, from approximately December 2016 through the present date, he has filed 65 federal lawsuits for copyright infringement.  Defendant denies the remaining allegations contained in this paragraph.

11.     Denied.

12.     Defendant admits that, on December 30, 2021, counsel for Defendant sent a demand letter pursuant to Fed. R. Evid. 408 to Adler Medical which demanded payment of sums specified therein, demanded that Adler Medical remove the subject photograph from its website, attached a draft Complaint, and informed Adler Medical that damages under the Copyright Act could be awarded up to $150,000.00 if infringement was found to be willful.  Defendant further admits that, notwithstanding the fact that the letter is clearly identified as a "FRE 408 SETTLEMENT COMMUNICATION," Plaintiffs attached a copy thereof to the Complaint.  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning Adler Medical's business or how the subject photograph was found/uploaded to Adler Medical's website.

13.     Defendant admits that, on January 5, 2022, counsel for Defendant sent a demand letter pursuant to Fed. R. Evid. 408 to Walt Arnold Commercial Brokerage which demanded payment of sums specified therein, demanded that Walt Arnold Commercial Brokerage remove the subject photograph from its website, attached a draft Complaint, and informed Walt Arnold Commercial Brokerage that damages under the Copyright Act could be awarded up to $150,000.00 if infringement was found to be willful.  Defendant further admits that, notwithstanding the fact

that the letter is clearly identified as a "FRE 408 SETTLEMENT COMMUNICATION," Plaintiffs attached a copy thereof to the Complaint. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning Walt Arnold Commercial Brokerage's business or how the subject photograph was found/uploaded to Walt Arnold Commercial Brokerage's website.

14.     Defendant admits that, on January 6, 2022, counsel for Defendant sent a demand letter pursuant to Fed. R. Evid. 408 to Xuan Nation which demanded payment of sums specified therein, demanded that Xuan Nation remove the subject photograph from its social media page, attached a draft Complaint, and informed Xuan Nation that damages under the Copyright Act could be awarded up to $150,000.00 if infringement was found to be willful. Defendant further admits that, notwithstanding the fact that the letter is clearly identified as a "FRE 408 SETTLEMENT COMMUNICATION," Plaintiffs attached a copy thereof to the Complaint. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning Xuan Nation's business or how the subject photograph was found/uploaded to Xuan Nation's social media page.

15.     Defendant admits that, on January 10, 2022, counsel for Defendant sent a demand letter pursuant to Fed. R. Evid. 408 to NM CCIM and the CCIM Institute which demanded payment of sums specified therein, demanded that NM CCIM and the CCIM Institute remove the subject photograph from their website/social media page, attached a draft Complaint, and informed NM CCIM and the CCIM Institute that damages under the Copyright Act could be awarded up to $150,000.00 if infringement was found to be willful. Defendant further admits that, notwithstanding the fact that the letter is clearly identified as a "FRE 408 SETTLEMENT COMMUNICATION," Plaintiffs attached a copy thereof to the Complaint. Defendant is without

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning NM CCIM's business or how the subject photograph was found/uploaded to NM CCIM's website/social media page.

16.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning the method(s) by which the various Plaintiffs searched for and ultimately infringed Defendant's photography.  Defendant denies the remaining allegations contained in this paragraph.

17.     Defendant admits that, over the years, he has used one or more services (including but not limited to Pixsy) for purposes of protecting his rights in his photography and identifying potential infringements.  Defendant further admits that, following consultation with one or more attorneys upon identification of an infringement, Defendant has directed that legal action be pursued against numerous infringers including each of the Plaintiffs (though Defendant denies that any specialized search service was utilized to identify Plaintiffs' infringements).  Defendant denies the remaining allegations contained in this paragraph.

18.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning Plaintiffs' knowledge that Defendant owned the subject photographs or the steps taken by Plaintiffs upon receipt of the aforementioned demand letters.  Defendant denies the remaining allegations contained in this paragraph.

19.     Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph concerning the retention of Plaintiffs' counsel.  Defendant declines to admit or deny the substance of Rule 408 settlement communications between Plaintiffs' counsel and Defendant's counsel, but admits that a settlement demand was conveyed/pending when Plaintiffs apparently rushed to win the proverbial race to the courthouse by filing the

Complaint at a time when Defendant was attempting in good faith to resolve these matters pre-suit.

## COUNT I
### (Declaratory Judgment Under 28 U.S.C. § 2201 et seq.)

20.    Defendant adopts and incorporates by reference his responses to the paragraphs above as if fully set forth herein.

21.    Defendant admits that a dispute exists between Defendant and each of the Plaintiffs with respect to the infringement of Defendant's professional photography for which none of the Plaintiffs offered any compensation or paid any license to Defendant prior to the use of Defendant's professional photography for commercial purposes.  Defendant denies the remaining allegations contained in this paragraph.

22.    Denied.

## COUNT II
### (Violation of New Mexico Unfair Practices Act, 1978 NMSA § 57-12-1 *et seq.*)

23.    Defendant adopts and incorporates by reference his responses to the paragraphs above as if fully set forth herein.

24.    Denied.

25.    Denied.

## COUNT III
### (Prima Facie Tort)

26.    Defendant adopts and incorporates by reference his responses to the paragraphs above as if fully set forth herein.

27.    Denied.

28.    Denied.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendant denies each and every allegation contained in the "Wherefore" clause of the Complaint.  In addition, Defendant denies each and every allegation of the Complaint not specifically admitted herein.  Defendant further denies that Plaintiffs are entitled to any of the relief requested and demands strict proof of each element of Plaintiffs' claims and asserted damages.

## AFFIRMATIVE DEFENSES

For his further and separate affirmative defenses to the Complaint and the claims Plaintiffs purport to assert therein, and without assuming the burden of proof on any matters for which that burden rests with Plaintiffs, Defendant alleges:

### First Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.  Each of the Plaintiffs committed a straightforward act of copyright infringement and was ultimately caught red-handed while infringing Defendant's protected copyright.  Upon being caught, Plaintiffs' response was to band together and assert nonsensical claims to divert attention from their own tortious conduct in stealing Defendant's work without having paid any compensation/license fee to Defendant.

### Second Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to pursue the claims brought herein.

### Third Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages (if any).

### Fourth Defense

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiffs' claims are barred, in whole or in part, because Defendant's actions were protected by the litigation privilege.

**Fifth Defense**

Plaintiffs' claims are barred, in whole or in part, by the Noerr-Pennington Doctrine.

**Sixth Defense**

Count I of the Complaint fails to state a cause of action for which relief can be granted as Plaintiffs have not alleged the requisite elements of a claim for copyright misuse.

**Seventh Defense**

Count II of the Complaint fails to state a cause of action for which relief can be granted as Plaintiffs have not alleged the requisite elements of a claim for violation of New Mexico's Unfair Practices Act.

**Eighth Defense**

Count III of the Complaint fails to state a cause of action for which relief can be granted as Plaintiffs have not alleged the requisite elements of a claim for prima facie tort.

**Ninth Defense**

Counts II and III of the Complaint are preempted by the Copyright Act.

**<u>Demand For Jury Trial</u>**

Defendant demands a trial by jury on all issued so triable.

**<u>Demand For Attorneys' Fees</u>**

Defendant demands that he be awarded his reasonable attorneys' fees incurred in defending against Plaintiffs' claims pursuant to 17 U.S.C. § 505 and N.M. Stat. Ann. § 57-12-10.

**<u>COUNTERCLAIM AND THIRD-PARTY COMPLAINT</u>**

Counter-plaintiff Blaine Harrington III ("<u>Harrington</u>"), as and for his Counterclaim against

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

counter-defendants Adler Medical, LLC ("Adler Medical"), Walt Arnold Commercial Brokerage, Inc. ("Walt Arnold Commercial Brokerage"), Xuan Nation, LLC ("Xuan Nation"), and NM CCIM Chapter of the Commercial Investment Real Estate Institute ("NM CCIM"), and as and for his Third-Party Complaint against CCIM Institute ("CCIM Institute"), respectfully plead as follows:

**THE PARTIES**

1.      Harrington is an individual who is a citizen of the State of Colorado.

2.      Adler Medical is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business (according to its filings with New Mexico's Secretary of State) located at 3804 Montgomery Boulevard N.E., Albuquerque, NM 87109.

3.      Walt Arnold Commercial Brokerage is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business located at 6200 Seagull Street NE, Suite A, Albuquerque, NM 87109.

4.      Xuan Nation is a limited liability company organized and existing under the laws of the State of New Mexico with its principal place of business located at 1800 Unser Blvd NW STE 600 Albuquerque, NM 87120.

5.      NM CCIM is a non-profit corporation organized and existing under the laws of the State of New Mexico with its principal place of business located at 6739 Academy Road N.E., Suite 310, Albuquerque, NM 87109.

6.      CCIM Institute is a corporation organized and existing under the laws of the State of Illinois with its principal place of business located at 430 N. Michigan Avenue, Suite 700, Chicago, IL 60611.  CCIM Institute's agent for service of process is: Gail Collins, 430 N. Michigan Avenue, Suite 700, Chicago, IL 60611.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over Adler Medical, Walt Arnold Commercial Brokerage, Xuan Nation, and NM CCIM because they maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.  This Court further has personal jurisdiction over the foregoing parties as each initiated this lawsuit in New Mexico, thereby subjecting themselves to the jurisdiction of this Court.

9.     This Court has personal jurisdiction over CCIM Institute because it maintained sufficient minimum contacts with New Mexico such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.  Further, as set forth herein, jurisdiction exists pursuant to New Mexico's long-arm statute (§ 38-1-16) because CCIM Institute transacts/solicits business in this State and committed a tortious act (copyright infringement) within this State, the cause(s) of action herein arise from the aforementioned tortious act, and CCIM Institute has sufficient minimum contacts with this State.

10.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Adler Medical, Walt Arnold Commercial Brokerage, Xuan Nation, NM CCIM, and CCIM Institute or their agents reside or may be found in this district.  "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction." Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

that court's district is proper.'") (quoting <u>Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd.</u>, 767 F. Supp. 181, 185 (N.D. Ill. 1991).

<u>**FACTS**</u>

**I.       Harrington's Business**

11.     Harrington is a well-known and highly regarded travel/location photographer based in Denver, CO, a four time SATW Travel Photographer of the Year (in addition to numerous other awards received during his career), and has worked on assignment for most major news, business and travel magazines.

12.     With over 45 years in business (including working in Amsterdam, New York, Paris and Zurich), Harrington has expert knowledge of Europe, as well as most regions of the world.  He maintains files of over 500,000 images from over seventy-five countries and is continually traveling to add new and updated material to the files.

13.     Harrington's travel/location photography is highly sought after and has been published in numerous magazines/travel calendars, including: Business Week, Delta Sky, Endless Vacation, Forbes, Geo, Islands, National Geographic Adventure, National Geographic Traveler, Newsweek, New York Times magazine, Outside, Popular Photography, Ski, Smithsonian, Time, and Travel + Leisure. He was also the travel photography columnist (bi-monthly "On the Road") for Shutterbug Magazine and has numerous corporate clients that have included his work in their marketing/advertising campaigns.

**II.      Adler Medical**

   ***A.      The Work at Issue with Respect to Adler Medical***

14.     In 2012, Harrington created a professional photograph of the skyline of downtown Albuquerque at sunset titled "20121008_NM-TEX_2051" (the "<u>2051 Skyline Photograph</u>").  A

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

copy of the 2051 Skyline Photograph is exhibited below:



15.     The 2051 Skyline Photograph was registered by Harrington with the Register of Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209.  A true and correct copy of the Certification of Registration pertaining to the 2051 Skyline Photograph is attached hereto as **Exhibit "A."**

16.     Harrington is the owner of the 2051 Skyline Photograph and has remained the owner at all times material hereto.

17.     Harrington publishes the 2051 Skyline Photograph on his website (at https://blaineharrington.photoshelter.com/image/I0000v1Kg.mrCV.I) to make it available to prospective print purchasers and/or licensees.  The website utilizes technology to prevent internet users from 'right-clicking' Harrington's photographs and saving such to their desktops – the only

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

way to download the photographs is to either purchase/license them or utilize some form of screenshot technology to skirt the protection the website otherwise offers.

18.     Beneath each photograph published on Harrington's website is also an all-caps warning that Harrington's photographs are registered with the U.S. Copyright Office, may not be freely downloaded from the website or elsewhere, and that Harrington will pursue infringers if such unauthorized copying occurs:

> ALL RIGHTS RESERVED | blaine@blaineharrington.com | 303.932.9062 ALL PHOTOS ON THIS SITE ARE AVAILABLE FOR LICENSE FOR MEDIA USE OR ADVERTISING USAGE OR FOR PURCHASE AS DISPLAY PRINTS BY CORPORATE CLIENTS OR PRIVATE INDIVIDUALS. ALL PHOTOS ON THIS WEBSITE ARE REGISTERED WITH THE U.S. COPYRIGHT OFFICE. COMP (COMPOSITE) PHOTOS ARE MADE AVAILABLE FOR LEGITIMATE CLIENTS ONLY FOR THEIR LAYOUT PURPOSES BEFORE LICENSING AN IMAGE AND MAY NOT BE DOWNLOADED OR OTHERWISE COPIED OFF MY WEBSITE OR ANYWHERE ELSE YOU MAY FIND IT, BY THE GENERAL PUBLIC AS FREE PHOTOGRAPHY. DOING SO CONSTITUTES A VIOLATION OF MY COPYRIGHT AND YOU MAY BE PROSECUTED. NO IMAGES ARE WITHIN THE PUBLIC DOMAIN. USE OF ANY IMAGE AS THE BASIS FOR ANOTHER PHOTOGRAPHIC CONCEPT OR ILLUSTRATION IS A VIOLATION OF COPYRIGHT. NO USAGE RIGHTS OF ANY KIND ARE GRANTED WITHOUT WRITTEN AUTHORIZATION FROM BLAINE HARRINGTON III. BLAINE HARRINGTON VIGOROUSLY PROTECTS COPYRIGHT INTERESTS. IN THE EVENT THAT AN INFRINGEMENT IS DISCOVERED YOU WILL NOTIFIED AND YOU MAY BE PROSECUTED FOR COPYRIGHT INFRINGEMENT IN U. S. FEDERAL COURT WHERE YOU WILL BE SUBJECT TO PAYMENT OF STATUTORY DAMAGES OF UP TO $150,000

**B.      *Adler Medical's Unlawful Activities***

19.     Adler Medical owns and operates "Adler Family Practice," a primary care facility located in Albuquerque, NM.

20.     Adler Medical advertises/markets its "Adler Family Practice" business primarily

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

through its website (https://www.adlerfamilypractice.com/).

     21.     On a date after Harrington's above-referenced copyright registration of the 2051

Skyline Photograph, Adler Medical published the 2051 Skyline Photograph on its website (at

https://www.adlerfamilypractice.com/) as one of the rotating title/banner images thereon:



     22.     A true and correct copy of screenshots of Adler Medical's website, displaying the

copyrighted 2051 Skyline Photograph, is attached hereto as **Exhibit "B."**

     23.     Adler Medical is not and has never been licensed to use or display the 2051 Skyline

Photograph.  Adler Medical never contacted Harrington to seek permission to use the 2051 Skyline

Photograph in connection with its business or for any other purpose.

     24.     Adler Medical utilized the 2051 Skyline Photograph for commercial use – namely,

in connection with the marketing of its nurse practitioner business.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

25.     Upon information and belief, Adler Medical located a copy of the 2051 Skyline Photograph on the internet and, rather than contact Harrington to secure a license, simply copied the 2051 Skyline Photograph for its own commercial use.

26.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Harrington discovered Adler Medical's unauthorized use/display of the 2051 Skyline Photograph in December 2021.   Following Harrington's discovery, Harrington notified Adler Medical in writing of such unauthorized use.   To date, Harrington has been unable to negotiate a reasonable license for the past/existing infringement of the 2051 Skyline Photograph – indeed, Adler Medical's response to being caught with its hand in the proverbial cookie jar was to file this subject lawsuit rather than even offer an apology for its conduct.

## III.     Walt Arnold Commercial Brokerage

### A.     *The Work at Issue with Respect to Walt Arnold Commercial Brokerage*

27.     In 2012, Harrington created a professional photograph of the skyline of downtown Albuquerque titled "20121008_nm-tex_2026" (the "2026 Skyline Photograph").   A copy of the 2026 Skyline Photograph is exhibited below:



28.     The 2026 Skyline Photograph was registered by Plaintiff with the Register of Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209.   A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**Exhibit "A."**

29.     Harrington is the owner of the 2026 Skyline Photograph and has remained the owner at all times material hereto.

30.     Harrington publishes the 2026 Skyline Photograph on his website (at https://blaineharrington.photoshelter.com/image/I00007.kIU4u7eqY) to make it available to prospective print purchasers and/or licensees.  The website utilizes technology to prevent internet users from 'right-clicking' Harrington's photographs and saving such to their desktops – the only way to download the photographs is to either purchase/license them or utilize some form of screenshot technology to skirt the protection the website otherwise offers.

31.     Beneath each photograph published on Harrington's website is also an all-caps warning that Harrington's photographs are registered with the U.S. Copyright Office, may not be freely downloaded from the website or elsewhere, and that Harrington will pursue infringers if such unauthorized copying occurs:

> ALL RIGHTS RESERVED | blaine@blaineharrington.com | 303.932.9062 ALL PHOTOS ON THIS SITE ARE AVAILABLE FOR LICENSE FOR MEDIA USE OR ADVERTISING USAGE OR FOR PURCHASE AS DISPLAY PRINTS BY CORPORATE CLIENTS OR PRIVATE INDIVIDUALS. ALL PHOTOS ON THIS WEBSITE ARE REGISTERED WITH THE U.S. COPYRIGHT OFFICE. COMP (COMPOSITE) PHOTOS ARE MADE AVAILABLE FOR LEGITIMATE CLIENTS ONLY FOR THEIR LAYOUT PURPOSES BEFORE LICENSING AN IMAGE AND MAY NOT BE DOWNLOADED OR OTHERWISE COPIED OFF MY WEBSITE OR ANYWHERE ELSE YOU MAY FIND IT, BY THE GENERAL PUBLIC AS FREE PHOTOGRAPHY. DOING SO CONSTITUTES A VIOLATION OF MY COPYRIGHT AND YOU MAY BE PROSECUTED. NO IMAGES ARE WITHIN THE PUBLIC DOMAIN. USE OF ANY IMAGE AS THE BASIS FOR ANOTHER PHOTOGRAPHIC CONCEPT OR ILLUSTRATION IS A VIOLATION OF COPYRIGHT. NO USAGE RIGHTS OF ANY KIND ARE GRANTED WITHOUT WRITTEN AUTHORIZATION FROM BLAINE HARRINGTON III. BLAINE HARRINGTON

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

VIGOROUSLY PROTECTS COPYRIGHT INTERESTS. IN THE EVENT THAT AN INFRINGEMENT IS DISCOVERED YOU WILL NOTIFIED AND YOU MAY BE PROSECUTED FOR COPYRIGHT INFRINGEMENT IN U. S. FEDERAL COURT WHERE YOU WILL BE SUBJECT TO PAYMENT OF STATUTORY DAMAGES OF UP TO $150,000

**B.**      ***Walt Arnold Commercial Brokerage's Unlawful Activities***

32.      Walt Arnold Commercial Brokerage is a commercial real estate brokerage firm located in Albuquerque, NM.  Walt Arnold Commercial Brokerage employs at least fifteen licensed real estate brokers/professionals.

33.      Walt Arnold Commercial Brokerage advertises/markets its business primarily through its website (https://www.waltarnold.com/), social media (e.g. https://www.facebook.com/svnwaltarnold/), and other forms of advertising.

34.      On a date after Harrington's above-referenced copyright registration of the 2026 Skyline Photograph, Walt Arnold Commercial Brokerage published the 2026 Skyline Photograph on its website (at https://www.waltarnold.com/) as the main title/banner image thereon:



35.      A true and correct copy of screenshots of Walt Arnold Commercial Brokerage's website, displaying the copyrighted 2026 Skyline Photograph, is attached hereto as **Exhibit "C."**

36.      Walt Arnold Commercial Brokerage is not and has never been licensed to use or display the 2026 Skyline Photograph.  Walt Arnold Commercial Brokerage never contacted Harrington to seek permission to use the 2026 Skyline Photograph in connection with its business or for any other purpose.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

37.     Walt Arnold Commercial Brokerage utilized the 2026 Skyline Photograph for commercial use – namely, in connection with the marketing of its real estate business.

38.     Upon information and belief, Walt Arnold Commercial Brokerage located a copy of the 2026 Skyline Photograph on the internet and, rather than contact Harrington to secure a license, simply copied the 2026 Skyline Photograph for its own commercial use.

39.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Harrington discovered Walt Arnold Commercial Brokerage's unauthorized use/display of the 2026 Skyline Photograph in January 2022.  Following Harrington's discovery, Harrington notified Walt Arnold Commercial Brokerage in writing of such unauthorized use.  To date, Harrington has been unable to negotiate a reasonable license for the past/existing infringement of the 2026 Skyline Photograph – indeed, Walt Arnold Commercial Brokerage's response to being caught with its hand in the proverbial cookie jar was to file this subject lawsuit rather than even offer an apology for its conduct.

## IV.     Xuan Nation

### A.     The Work at Issue with Respect to Xuan Nation

40.     In 2012, Harrington created a professional photograph of hot air balloons flying low over the Rio Grande River titled "20121008_nm-tex_0273" (the "0273 Balloons Photograph").  A copy of the 0273 Balloons Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



41.     The 0273 Balloons Photograph was registered by Harrington with the Register of

Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209.  A true and

correct copy of the Certification of Registration pertaining to the 0273 Balloons Photograph is

attached hereto as **Exhibit "A."**

42.     Harrington is the owner of the 0273 Balloons Photograph and has remained the

owner at all times material hereto.

43.     Harrington publishes the 0273 Balloons Photograph on his website (at

https://blaineharrington.photoshelter.com/gallery-image/Albuquerque-Intl-Balloon-FIesta-

Aerial-Views/G0000GNciYJKuMLY/I0000T79YvEOhlEo) to make it available to prospective

print purchasers and/or licensees.  The website utilizes technology to prevent internet users from

'right-clicking' Harrington's photographs and saving such to their desktops – the only way to

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

download the photographs is to either purchase/license them or utilize some form of screenshot technology to skirt the protection the website otherwise offers.

44.   Beneath each photograph published on Harrington's website is also an all-caps warning that Harrington's photographs are registered with the U.S. Copyright Office, may not be freely downloaded from the website or elsewhere, and that Harrington will pursue infringers if such unauthorized copying occurs:

> ALL RIGHTS RESERVED | blaine@blaineharrington.com | 303.932.9062 ALL PHOTOS ON THIS SITE ARE AVAILABLE FOR LICENSE FOR MEDIA USE OR ADVERTISING USAGE OR FOR PURCHASE AS DISPLAY PRINTS BY CORPORATE CLIENTS OR PRIVATE INDIVIDUALS. ALL PHOTOS ON THIS WEBSITE ARE REGISTERED WITH THE U.S. COPYRIGHT OFFICE. COMP (COMPOSITE) PHOTOS ARE MADE AVAILABLE FOR LEGITIMATE CLIENTS ONLY FOR THEIR LAYOUT PURPOSES BEFORE LICENSING AN IMAGE AND MAY NOT BE DOWNLOADED OR OTHERWISE COPIED OFF MY WEBSITE OR ANYWHERE ELSE YOU MAY FIND IT, BY THE GENERAL PUBLIC AS FREE PHOTOGRAPHY. DOING SO CONSTITUTES A VIOLATION OF MY COPYRIGHT AND YOU MAY BE PROSECUTED. NO IMAGES ARE WITHIN THE PUBLIC DOMAIN. USE OF ANY IMAGE AS THE BASIS FOR ANOTHER PHOTOGRAPHIC CONCEPT OR ILLUSTRATION IS A VIOLATION OF COPYRIGHT. NO USAGE RIGHTS OF ANY KIND ARE GRANTED WITHOUT WRITTEN AUTHORIZATION FROM BLAINE HARRINGTON III. BLAINE HARRINGTON VIGOROUSLY PROTECTS COPYRIGHT INTERESTS. IN THE EVENT THAT AN INFRINGEMENT IS DISCOVERED YOU WILL NOTIFIED AND YOU MAY BE PROSECUTED FOR COPYRIGHT INFRINGEMENT IN U. S. FEDERAL COURT WHERE YOU WILL BE SUBJECT TO PAYMENT OF STATUTORY DAMAGES OF UP TO $150,000

### B.   *Xuan Nation's Unlawful Activities*

45.   Xuan Nation is an Asian style restaurant serving ramen, poke, and grill items.

46.   Xuan Nation advertises/markets its business primarily through its website (http://www.xuanasian.com/),                social                media                (e.g.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

https://www.facebook.com/xuanasianabq/?ref=page_internal), and other forms of advertising.

47.     On a date after Harrington's above-referenced copyright registration of the 0273

Balloons Photograph, Xuan Nation published the 0273 Balloons Photograph on its Facebook page

(at  https://www.facebook.com/xuanasianabq/photos/a.123818919339192/408749717512776/)  in

an attempt to solicit business for its restaurant:



48.     A true and correct copy of screenshots of Xuan Nation's Facebook page, displaying

the copyrighted 0273 Balloons Photograph, is attached hereto as **Exhibit "D."**

49.     Xuan Nation is not and has never been licensed to use or display the 0273 Balloons

Photograph.  Xuan Nation never contacted Harrington to seek permission to use the 0273 Balloons

Photograph in connection with its business or for any other purpose.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

50.     Xuan Nation utilized the Work for commercial use – namely, in connection with the marketing of its restaurant business.

51.     Upon information and belief, Xuan Nation located a copy of the 0273 Balloons Photograph on the internet and, rather than contact Harrington to secure a license, simply copied the 0273 Balloons Photograph for its own commercial use.

52.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Harrington discovered Xuan Nation's unauthorized use/display of the 0273 Balloons Photograph in January 2022.  Following Harrington's discovery, Harrington notified Xuan Nation in writing of such unauthorized use.  To date, Harrington has been unable to negotiate a reasonable license for the past/existing infringement of the 0273 Balloons Photograph – indeed, Xuan Nation's response to being caught with its hand in the proverbial cookie jar was to file this subject lawsuit rather than even offer an apology for its conduct.

**V.     NM CCIM and CCIM Institute**

        *A.     The Work at Issue with Respect to NM CCIM and CCIM Institute*

53.     In 2012, Harrington created a professional photograph of hot air balloons flying at sunrise (with the Sandia Mountains in the background) titled "20121008_NM-TEX_2962" (the "2962 Balloons Photograph").  A copy of the 2962 Balloons Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



54.     The 2962 Balloons Photograph was registered by Harrington with the Register of

Copyrights on March 5, 2013 and was assigned Registration No. VAu 1-132-209.  A true and

correct copy of the Certification of Registration pertaining to the 2962 Balloons Photograph is

attached hereto as **Exhibit "A."**

55.     Harrington is the owner of the 2962 Balloons Photograph and has remained the

owner at all times material hereto.

56.     Harrington publishes the 2962 Balloons Photograph on his website (at

https://blaineharrington.photoshelter.com/gallery-image/Albuquerque-Intl-Balloon-FIesta-

Aerial-Views/G0000GNciYJKuMLY/I0000luB5K9N_j98) to make it available to prospective

print purchasers and/or licensees.  The website utilizes technology to prevent internet users from

'right-clicking' Harrington's photographs and saving such to their desktops – the only way to

download the photographs is to either purchase/license them or utilize some form of screenshot technology to skirt the protection the website otherwise offers.

57.     Beneath each photograph published on Harrington's website is also an all-caps warning that Harrington's photographs are registered with the U.S. Copyright Office, may not be freely downloaded from the website or elsewhere, and that Harrington will pursue infringers if such unauthorized copying occurs:

> ALL RIGHTS RESERVED | blaine@blaineharrington.com | 303.932.9062 ALL PHOTOS ON THIS SITE ARE AVAILABLE FOR LICENSE FOR MEDIA USE OR ADVERTISING USAGE OR FOR PURCHASE AS DISPLAY PRINTS BY CORPORATE CLIENTS OR PRIVATE INDIVIDUALS. ALL PHOTOS ON THIS WEBSITE ARE REGISTERED WITH THE U.S. COPYRIGHT OFFICE. COMP (COMPOSITE) PHOTOS ARE MADE AVAILABLE FOR LEGITIMATE CLIENTS ONLY FOR THEIR LAYOUT PURPOSES BEFORE LICENSING AN IMAGE AND MAY NOT BE DOWNLOADED OR OTHERWISE COPIED OFF MY WEBSITE OR ANYWHERE ELSE YOU MAY FIND IT, BY THE GENERAL PUBLIC AS FREE PHOTOGRAPHY. DOING SO CONSTITUTES A VIOLATION OF MY COPYRIGHT AND YOU MAY BE PROSECUTED. NO IMAGES ARE WITHIN THE PUBLIC DOMAIN. USE OF ANY IMAGE AS THE BASIS FOR ANOTHER PHOTOGRAPHIC CONCEPT OR ILLUSTRATION IS A VIOLATION OF COPYRIGHT. NO USAGE RIGHTS OF ANY KIND ARE GRANTED WITHOUT WRITTEN AUTHORIZATION FROM BLAINE HARRINGTON III. BLAINE HARRINGTON VIGOROUSLY PROTECTS COPYRIGHT INTERESTS. IN THE EVENT THAT AN INFRINGEMENT IS DISCOVERED YOU WILL NOTIFIED AND YOU MAY BE PROSECUTED FOR COPYRIGHT INFRINGEMENT IN U. S. FEDERAL COURT WHERE YOU WILL BE SUBJECT TO PAYMENT OF STATUTORY DAMAGES OF UP TO $150,000

**B.     NM CCIM and CCIM Institute's Unlawful Activities**

58.     CCIM Institute was previously known as the "Commercial Investment Real Estate Institute of the National Association of Realtors."   CCIM Institute is the largest and most recognized association for training, education, and networking for commercial realtors throughout

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

the United States.  CCIM Institute's newsletter alone reaches some 35,000 professionals in the commercial real estate industry.

59.     Somewhat ironically, as an association for training/educating realtors, CCIM Institute itself publishes several articles warning its members against committing acts of copyright infringement and/or downloading images/artwork from the internet without confirming a right to do so.     See, e.g.     https://www.ccim.com/cire-magazine/articles/copy-right/; https://www.ccim.com/cire-magazine/articles/wild-west-web-liability/; https://www.ccim.com/cire-magazine/articles/2019/07/paint-the-town-but-get-a-waiver-first/.

60.     NM CCIM is the 10th chapter of the CCIM Institute and was founded on November 12, 1973.  It conducts monthly marketing meetings for CCIM Institute members in New Mexico. NM CCIM currently has over 80 members.

61.     CCIM Institute advertises/markets its business primarily through its websites (https://www.ccim.com/     and     https://www.ccimconnect.com/),     social     media     (e.g. https://www.facebook.com/cciminstitute), and other forms of advertising.

62.     NM CCIM advertises/markets its business primarily through a sub-page on CCIM Institute's website (https://www.ccimconnect.com/ccimnewmexico/home), social media (e.g. https://www.facebook.com/CCIMNewMexicoChapter/?ref=page_internal), and other forms of advertising.

63.     On a date after Harrington's above-referenced copyright registration of the 2962 Balloons Photograph, NM CCIM and CCIM Institute published the 2962 Balloons Photograph on CCIM Institute's website (at https://www.ccimconnect.com/ccimnewmexico/home) as the main title/banner image thereon for the NM CCIM:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



64.    On a date after Harrington's above-referenced copyright registration of the 2962

Balloons Photograph, NM CCIM also published the 2962 Balloons Photograph on its "CCIM New

Mexico"                         Facebook                         page                         (at

https://www.facebook.com/CCIMNewMexicoChapter/?ref=page_internal)    as    the    main

title/banner image thereon:



COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

65.     A true and correct copy of screenshots of CCIM Institute's website and NM CCIM's Facebook page, displaying the copyrighted 2962 Balloons Photograph, is attached hereto as **Exhibit "E."**

66.     NM CCIM and CCIM Institute are not and have never been licensed to use or display the 2962 Balloons Photograph.  NM CCIM and CCIM Institute never contacted Harrington to seek permission to use the 2962 Balloons Photograph in connection with their business or for any other purpose.

67.     NM CCIM and CCIM Institute utilized the 2962 Balloons Photograph for commercial use – namely, in connection with the marketing of their business.

68.     Upon information and belief, NM CCIM and/or CCIM Institute located a copy of the 2962 Balloons Photograph on the internet and, rather than contact Harrington to secure a license, simply copied the 2962 Balloons Photograph for NM CCIM and CCIM Institute's own commercial use.

69.     Through his ongoing diligent efforts to identify unauthorized use of his photographs, Harrington discovered NM CCIM and CCIM Institute's unauthorized use/display of the 2962 Balloons Photograph in January 2022.  Following Harrington's discovery, Harrington notified NM CCIM and CCIM Institute in writing of such unauthorized use.  To date, Harrington has been unable to negotiate a reasonable license for the past/existing infringement of the 2962 Balloons Photograph – indeed, NM CCIM and CCIM Institute's response to being caught with their hand in the proverbial cookie jar was to file this subject lawsuit rather than even offer an apology for their conduct.

### COUNT I – COPYRIGHT INFRINGEMENT
#### (Adler Medical)

70.     Harrington re-alleges and incorporates paragraphs 1 through 26 as set forth above.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

71.     The 2051 Skyline Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

72.     Harrington owns a valid copyright in the 2051 Skyline Photograph, having registered the 2051 Skyline Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Harrington standing to bring this lawsuit and assert the claim(s) herein.

73.     As a result of Harrington's reproduction, distribution, and public display of the 2051 Skyline Photograph, Adler Medical had access to the 2051 Skyline Photograph prior to its own reproduction, distribution, and public display of the 2051 Skyline Photograph on its website.

74.     Adler Medical reproduced, distributed, and publicly displayed the 2051 Skyline Photograph without authorization from Harrington.

75.     By its actions, Adler Medical infringed and violated Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the 2051 Skyline Photograph for its own commercial purposes.

76.     Adler Medical's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Harrington's copyright.

77.     Harrington has been damaged as a direct and proximate result of Adler Medical's infringement.

78.      Harrington is entitled to recover his actual damages resulting from Adler Medical's unauthorized use of the 2051 Skyline Photograph and, at Harrington's election (pursuant to 17 U.S.C. § 504(b), Harrington is entitled to recover damages based on a disgorgement of Adler Medical's profits from infringement of the 2051 Skyline Photograph, which amounts shall be

proven at trial.

79.     Alternatively, and at Harrington's election, Harrington is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

80.     Pursuant to 17 U.S.C. § 505, Harrington is further entitled to recover his costs and attorneys' fees as a result of Adler Medical's conduct.

81.     Adler Medical's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Harrington unless enjoined by the Court.  Harrington has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Harrington is entitled to a permanent injunction prohibiting infringement of Harrington's exclusive rights under copyright law.

**WHEREFORE**, Harrington demands judgment against Adler Medical as follows:

a.  A declaration that Adler Medical has infringed Harrington's copyrights in the 2051 Skyline Photograph;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Harrington's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the 2051 Skyline Photograph;

d.  Awarding Harrington his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Harrington interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Adler Medical, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Adler Medical, from directly or indirectly infringing Harrington's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the 2051 Skyline Photograph or to participate or assist in any

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

such activity; and

g.   For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (Walt Arnold Commercial Brokerage)

82.   Harrington re-alleges and incorporates paragraphs 1 through 13 and 27 through 39 as set forth above.

83.   The 2026 Skyline Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

84.   Harrington owns a valid copyright in the 2026 Skyline Photograph, having registered the 2026 Skyline Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Harrington standing to bring this lawsuit and assert the claim(s) herein.

85.   As a result of Harrington's reproduction, distribution, and public display of the 2026 Skyline Photograph, Walt Arnold Commercial Brokerage had access to the 2026 Skyline Photograph prior to its own reproduction, distribution, and public display of the 2026 Skyline Photograph on its website.

86.   Walt Arnold Commercial Brokerage reproduced, distributed, and publicly displayed the 2026 Skyline Photograph without authorization from Harrington.

87.   By its actions, Walt Arnold Commercial Brokerage infringed and violated Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the 2026 Skyline Photograph for its own commercial purposes.

88.   Walt Arnold Commercial Brokerage's infringement was willful as it acted with

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

actual knowledge or reckless disregard for whether its conduct infringed upon Harrington's copyright.  As a commercial real estate business with multiple licensed realtors amongst its staff, Walt Arnold Commercial Brokerage clearly understands that professional photography such as the 2026 Skyline Photograph is generally paid for and cannot simply be copied from the internet.

89.     Harrington has been damaged as a direct and proximate result of Walt Arnold Commercial Brokerage's infringement.

90.      Harrington is entitled to recover his actual damages resulting from Walt Arnold Commercial Brokerage's unauthorized use of the 2026 Skyline Photograph and, at Harrington's election (pursuant to 17 U.S.C. § 504(b), Harrington is entitled to recover damages based on a disgorgement of Walt Arnold Commercial Brokerage's profits from infringement of the 2026 Skyline Photograph, which amounts shall be proven at trial.

91.     Alternatively, and at Harrington's election, Harrington is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

92.     Pursuant to 17 U.S.C. § 505, Harrington is further entitled to recover his costs and attorneys' fees as a result of Walt Arnold Commercial Brokerage's conduct.

93.     Walt Arnold Commercial Brokerage's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Harrington unless enjoined by the Court.  Harrington has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Harrington is entitled to a permanent injunction prohibiting infringement of Harrington's exclusive rights under copyright law.

**WHEREFORE**, Harrington demands judgment against Walt Arnold Commercial Brokerage as follows:

a.  A declaration that Walt Arnold Commercial Brokerage has infringed Harrington's

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

copyrights in the 2026 Skyline Photograph;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Harrington's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Harrington his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Harrington interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Walt Arnold Commercial Brokerage, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Walt Arnold Commercial Brokerage, from directly or indirectly infringing Harrington's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the 2026 Skyline Photograph or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT III – COPYRIGHT INFRINGEMENT
### (Xuan Nation)

94.     Harrington re-alleges and incorporates paragraphs 1 through 13 and 40 through 52 as set forth above.

95.     The 0273 Balloons Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

96.     Harrington owns a valid copyright in the 0273 Balloons Photograph, having registered the 0273 Balloons Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Harrington standing to bring this lawsuit and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

assert the claim(s) herein.

97.     As a result of Harrington's reproduction, distribution, and public display of the 0273 Balloons Photograph, Xuan Nation had access to the 0273 Balloons Photograph prior to its own reproduction, distribution, and public display of the 0273 Balloons Photograph on its Facebook page.

98.     Xuan Nation reproduced, distributed, and publicly displayed the 0273 Balloons Photograph without authorization from Harrington.

99.     By its actions, Xuan Nation infringed and violated Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the 0273 Balloons Photograph for its own commercial purposes.

100.     Xuan Nation's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Harrington's copyright.  As an Asian restaurant who adds its own copyright management information to its photos, Xuan Nation clearly understands that professional photography such as the 0273 Balloons Photograph is generally paid for and cannot simply be copied from the internet.

101.     Harrington has been damaged as a direct and proximate result of Xuan Nation's infringement.

102.     Harrington is entitled to recover his actual damages resulting from Xuan Nation's unauthorized use of the 0273 Balloons Photograph and, at Harrington's election (pursuant to 17 U.S.C. § 504(b), Harrington is entitled to recover damages based on a disgorgement of Xuan Nation's profits from infringement of the 0273 Balloons Photograph, which amounts shall be proven at trial.

103.     Alternatively, and at Harrington's election, Harrington is entitled to statutory

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

104.     Pursuant to 17 U.S.C. § 505, Harrington is further entitled to recover his costs and attorneys' fees as a result of Xuan Nation's conduct.

105.     Xuan Nation's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Harrington unless enjoined by the Court.  Harrington has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Harrington is entitled to a permanent injunction prohibiting infringement of Harrington's exclusive rights under copyright law.

**WHEREFORE**, Harrington demands judgment against Xuan Nation as follows:

a.   A declaration that Xuan Nation has infringed Harrington's copyrights in the Work;

b.   A declaration that such infringement is willful;

c.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Harrington's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the 0273 Balloons Photograph;

d.   Awarding Harrington his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.   Awarding Harrington interest, including prejudgment interest, on the foregoing amounts;

f.   Permanently enjoining Xuan Nation, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Xuan Nation, from directly or indirectly infringing Harrington's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the 0273 Balloons Photograph or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

## COUNT IV – COPYRIGHT INFRINGEMENT
### (NM CCIM and CCIM Institute)

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

106.    Harrington re-alleges and incorporates paragraphs 1 through 13 and 53 through 69 as set forth above.

107.    The 2962 Balloons Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

108.    Harrington owns a valid copyright in the 2962 Balloons Photograph, having registered the 2962 Balloons Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Harrington standing to bring this lawsuit and assert the claim(s) herein.

109.    As a result of Harrington's reproduction, distribution, and public display of the 2962 Balloons Photograph, NM CCIM and CCIM Institute had access to the 2962 Balloons Photograph prior to their own reproduction, distribution, and public display of the 2962 Balloons Photograph on CCIM Institute's website and on NM CCIM's business Facebook page.

110.    NM CCIM and CCIM Institute reproduced, distributed, and publicly displayed the 2962 Balloons Photograph without authorization from Harrington.

111.    By their actions, NM CCIM and CCIM Institute infringed and violated Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the 2962 Balloons Photograph for their own commercial purposes.

112.    NM CCIM and CCIM Institute's infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Harrington's copyright. Notably, CCIM Institute itself utilizes a copyright disclaimer on its website ("© 2022 CCIM Institute") and NM CCIM itself utilizes a copyright disclaimer on its sub-page of the CCIM

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Institute website ("Copyright 2017 CCIM"), indicating that NM CCIM and CCIM Institute understand the importance of copyright protection and intellectual property rights.  Further, as discussed above, CCIM Institute is the foremost training/education association for commercial realtors nationwide and has itself published several articles warning its members against copyright infringement.  NM CCIM and CCIM Institute clearly understand that professional photography such as the 2962 Balloons Photograph is generally paid for and cannot simply be copied from the internet.

113.    Harrington has been damaged as a direct and proximate result of NM CCIM and CCIM Institute's infringement.

114.    Harrington is entitled to recover his actual damages resulting from NM CCIM and CCIM Institute's unauthorized use of the 2962 Balloons Photograph and, at Harrington's election (pursuant to 17 U.S.C. § 504(b), Harrington is entitled to recover damages based on a disgorgement of NM CCIM and CCIM Institute's profits from infringement of the 2962 Balloons Photograph, which amounts shall be proven at trial.

115.    Alternatively, and at Harrington's election, Harrington is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

116.    Pursuant to 17 U.S.C. § 505, Harrington is further entitled to recover his costs and attorneys' fees as a result of NM CCIM and CCIM Institute's conduct.

117.    NM CCIM and CCIM Institute's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Harrington unless enjoined by the Court. Harrington has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Harrington is entitled to a permanent injunction prohibiting infringement of Harrington's exclusive rights under copyright law.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**WHEREFORE**, Harrington demands judgment against NM CCIM and CCIM Institute as follows:

a.   A declaration that NM CCIM and CCIM Institute have infringed Harrington's copyrights in the 2962 Balloons Photograph;

b.   A declaration that such infringement is willful;

c.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Harrington's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the 2962 Balloons Photograph;

d.   Awarding Harrington his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.   Awarding Harrington interest, including prejudgment interest, on the foregoing amounts;

f.   Permanently enjoining NM CCIM and CCIM Institute, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with NM CCIM and CCIM Institute, from directly or indirectly infringing Harrington's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the 2962 Balloons Photograph or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

## COUNT V – VICARIOUS COPYRIGHT INFRINGEMENT
### (CCIM Institute)

118.   Harrington re-alleges and incorporates paragraphs 1 through 13 and 53 through 69 as set forth above.

119.   To the extent CCIM Institute did not directly infringe Harrington's rights in the 2962 Balloons Photograph, this claim is brought in the alternative and seeks to hold CCIM Institute accountable based on vicarious liability.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

120.   As evidenced above, NM CCIM infringed and violated Harrington's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the 2962 Balloons Photograph for its own commercial purposes.

121.   NM CCIM is one of more than fifty CCIM Institute chapters around the world.  The chapters are groups of 'CCIMs' (which stands for Certified Commercial Investment Member) and candidates "within a geographic or market area, who hold meetings and functions at the local level for the purpose of sharing information and augmenting the benefits of the national program."   See  https://www.ccim.com/cire-magazine/50th-anniversary/an-in-depth-look-into-the-origins-of-ccim-institute/chapters--a-grassroots-connection/.

122.   According to CCIM Institute itself, the chapters "have continually been supported by a strong and active committee structure at the national level…."

123.   As part of the national-level support, CCIM Institute provides sub-pages on its own website (www.ccimconnect.com) for certain of its chapters to publish chapter-specific information.  For example, CCIM Institute provides sub-pages on its website for the Alaska chapter (https://www.ccimconnect.com/alaskachapter/home), Southern California chapter (https://www.ccimconnect.com/southerncalifornia/home), Idaho chapter (https://www.ccimconnect.com/ccimidaho/home), etc.

124.   Many of the chapters, however, have created independently owned websites (not using sub-pages of the CCIM Institute website).  These include the Greater Los Angeles chapter (https://www.ccimla.com/), Colorado/Wyoming chapter (http://www.cowyccim.org/), Central Arizona chapter (https://centralazccimchapter.com/), Hawaii chapter (https://ccimhawaii.org/), San Diego chapter (https://ccimsandiego.com/), Southern Arizona chapter (https://southernazccimchapter.com/), Southern Nevada chapter (https://www.snccim.org/),

Florida chapter (https://www.flccim.com/), etc.

125.   NM CCIM is one of the chapters that utilizes a sub-page of CCIM Institute's website (https://www.ccimconnect.com/ccimnewmexico/home) to conduct its affairs and publish information pertinent to the chapter.

126.   As the provider/owner of the website itself and all sub-pages thereon, CCIM Institute has the right and ability to control the infringing acts of its chapter members yet declined or failed to stop NM CCIM from engaging in its infringing activity.  CCIM Institute failed to stop NM CCIM from utilizing copyrighted imagery as the main banner display on the NM CCIM sub-page of the CCIM Institute website.

127.   CCIM Institute obtained a direct financial benefit from NM CCIM's infringing activities.  CCIM Institute receives annual membership fees ($650.00 for those in the United States) as well as tuition and other fees for its training programs.  NM CCIM has over 80 members who have paid membership, tuition, and other fees to CCIM Institute, at least some of which did so during the time that NM CCIM was committing direct copyright infringement of the 2962 Balloons Photograph.

128.   As a direct and proximate result of CCIM Institute's vicarious copyright infringement, Harrington has been damaged.

**WHEREFORE**, Harrington demands judgment against CCIM Institute as follows:

a.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Harrington's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the 2962 Balloons Photograph;

b.   Awarding Harrington his costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

c.  Awarding Harrington interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining CCIM Institute, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with CCIM Institute, from directly or indirectly further violating Harrington's copyrights by further displaying or distributing the 2962 Balloons Photograph; and

e.  For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Harrington demands a trial by jury on all issued so triable.

Dated: February 8, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
        Daniel DeSouza, Esq.

### **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228