IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADLER MEDICAL, LLC; WALT ARNOLD
COMMERCIAL BROKERAGE, INC.; XUAN
NATION, LLC, AND NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT REAL
ESTATE INSTITUTE

        Plaintiffs,

vs.                                                                                            Case No.  1:22-cv-00072-KG-LF

BLAINE HARRINGTON, III

        Defendant/Counterclaim Plaintiff
        Third Party Plaintiff

vs.

ADLER MEDICAL, LLC; WALT ARNOLD
COMMERCIAL BROKERAGE, INC.; XUAN
NATION, LLC; AND NM CCIM CHAPTER
OF THE COMMERICAL INVESTMENT REAL
ESTATE INSTITUTE,

        Counterclaim Defendants

and

CCIM INSTITUTE,

        Third Party Defendant

**PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' RESPONSE IN OPPOSITION TO COUNTERCLAIMANTS' MOTION FOR LEAVE TO ADD ENCHANTMENT MARKETING, LLC AS THIRD-PARTY DEFENDANT**

      Plaintiffs and Counterclaim Defendants Adler Medical, LLC, Walt Arnold Commercial Brokerage, Inc, Xuan Nation, LLC and NM CCIM Chapter of the Commercial Investment Real Estate Institute (collectively "Plaintiffs"), here submit their opposition to Blaine Harrington III's motion for leave to add Enchantment Marketing, LLC as a third-party defendant to his claims for

copyright infringement. For reasons shown below – despite the fact that Harrington's motion was filed 18 days before the cut-off date for filing amendments under the Court's March 31, 2022 Order [Doc. 28] – Harrington's delay in seeking leave to add another party to the present proceeding was both unwarranted and prejudicial. Allowing the proposed amendment will have the effect of extending these proceedings and imposing unwarranted additional costs on Plaintiffs, all because Harrington chose not to seek leave to amend in time to have Enchantment Marketing participate as a party at the May 9, 2022 settlement conference. This is consistent with Harrington's evident tactic of seeking to maximize costs imposed on Plaintiffs in effort to pressure small companies to pay extortionate amounts not based on the merits and value of Harrington's claims; but on the threat of high – and then higher – litigation costs.

## I. PERTINENT FACTS

Plaintiffs filed their Complaint herein on February 1, 2022 [Doc. 1]. Harrington filed his Answer, Counterclaims and [first] Third-Party Claim on February 8, 2022 [Doc. 8], in which he alleged counterclaims for a single count of copyright infringement against each of Plaintiffs, and one third-party claim against CCIM Institute, recently dismissed [Doc. 42].

The Initial Scheduling Order was entered in this matter on February 11, 2022 [Doc. 11], and pursuant to that the parties proposed a Joint Status Report and Provisional Discovery Plan which was in large part adopted by the Court in an Order entered March 31, 2022 [Doc. 28]. That Order set a deadline for the then-parties "to amend and join additional parties by written consent or seek the Court's leave to amend and join additional parties in compliance with FED. R. CIV. P. 15(a)(2)" by May 31, 2022. Plaintiffs acknowledge Harrington moved for leave to add additional parties within the time permitted. But satisfying that requirement does not constitute satisfying the conditions found or implicit in Rule 15(a).

The Court then, on April 5, 2022, based upon discussion with counsel at the March 30, 2022 initial scheduling conference, ordered "**all parties and their lead counsel shall appear before me via Zoom on Monday, May 09, 2022 at 9:00 a.m.** for the required settlement conference. The express purpose of the requirements set forth in the order was to "increase the efficiency and effectiveness of the settlement conference…."[Doc. 29] (emphasis and bold in original).

The settlement conference was held as scheduled. All parties and their counsel appeared. Enchantment Marketing was present, based on the understanding that it had been involved in the uploading of the photograph for Xuan Nation, LLC that was a subject of Harringtons infringement claim against that party; but by express agreement Enchantment Marketing was not permitted to participate as a party.

In his current motion Harrington asserts he "was completely unaware of Enchantment Marketing's existence until Xuan Nation served the Interrogatory Responses on April 28, 2022."(Harrington Motion, ¶ 8 [Doc. 41]). That is incorrect. Harrington received Xuan Nation's Initial Disclosures on March 18, 2022, which disclosed that Rebecca King of Enchantment Marketing had discoverable information (Exhibit A here attached). He received Xuan Nation's Answers to Interrogatories on Aprils 20, 2022 which identified Enchantment Marketing as having supplied the subject photograph posted by Xuan Nation (Answer to Interrogatory No. 3, Exhibit B here attached). And Harrington's lawyer confirmed his awareness of Enchantment Marketing and his intent to file a motion to add it as a party on April 22, 2022 (Exhibit C here attached, email sent at 5:02 a.m.). [1]

---

[1] Plaintiffs are not suggesting that Harrington's lawyer is consciously lying; but it is clear that he has been and is being inattentive to matters he is responsible for being attentive to.

Despite the up-coming settlement conference, and his knowledge since mid-March of Enchantment Marketing having relevant information and his knowledge since at least April 20, 2022 that it was Xuan Nation's source of the photograph, Harrington did not promptly move to add Enchantment Marketing as a party to his infringement claim until after the May 9, 2022 settlement conference.

## II.     ARGUMENT

Harrington acknowledges that the liberal amendment policy embodied in Rule 15(a) is subject to exception for a number of factors, including for undue delay or bad faith on the part of the moving party, or prejudice to the opposing parties.  See Harrington's motion, ¶ 6.  While Harrington's current motion was concededly filed within the time permitted by the deadline for amendments to add parties, it was nonetheless filed at a time that was certain to cause prejudice to the existing plaintiffs, and its justification was based on a false statement about Harrington's knowledge of the existence or role of Enchantment Marketing.

By waiting until after the May 9, 2022 settlement conference to seek leave to add Enchantment Marketing, Harrington will necessarily impose costs and inefficiencies on the Plaintiffs and the Court in this matter.  Another settlement conference – just for Enchantment Marketing – will need to be conducted.  An extension of the discovery schedule – with discovery currently scheduled to close by October 20, 2022 including discovery of experts -- may out of fairness need to be extended.  And the costs to all will necessarily increase – the mere passage of time in litigation unavoidably has that effect.  This is all consistent with Harrington's underlying bad-faith motive to impose costs on all parties as his conscious and unconcealed litigations purpose – not part of the normal back and forth reality of litigation, but for the express purpose of coercing parties to meet his extortionate demands.

Plaintiffs here are not acting on behalf of Enchantment Marketing; they are acting in their own behalf.  The delay in Harrington's seeking to add Enchantment Marketing until after the settlement conference is undue under the circumstances, because it will likely have a ripple effect on all other aspects of the schedule, and increase costs to all Plaintiffs.  Harrington has not shown good cause for the albeit relatively brief, but consequential, delay in seeking to add Enchantment Marketing.  See, e.g. Pelletier v. Rodriguez, 2021 WL 619377, *2-3 (D. Nev. Feb. 17, 2021).  Harrington could have sought leave to add Enchantment Marketing earlier.  "Delay becomes 'undue,' however, when it places an unwarranted burden on the court; the delay likewise becomes prejudicial if it places an unfair burden on adverse parties."  Eastern Shawnee Tribe of Oklahoma v. Ohio, 2007 WL 9754361, *2 (N. D. Oh. July 6, 2007).  That is the case here.  Under these circumstances, Harrington should not be encouraged to expand this case at the expense and inconvenience of the Plaintiffs and the Court.

## CONCLUSION

For the reasons set forth above, Harrington's motion seeking leave to add Enchantment Marketing, LLC as a third-party defendant to this matter should be denied.

        Respectfully submitted,

        /s/ Jeffrey L. Squires
        Jeffrey L. Squires
        PEACOCK LAW P.C.
        201 Third Street NW, Suite 1340
        Albuquerque, NM  87102
        Tel: (505) 998-6116
        jsquires@peacocklaw.com
        *Counsel for Plaintiffs*

G:\\A-Clients\Harrington Plaintiffs\LIT\Plaintiffs Counterclaim Defendants Response in Opposition to Counterclaimants Motion for Leave to Add Enchantment Marketing, LLC as Third-Party Defendant.pdf

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ADLER MEDICAL, LLC; WALT ARNOLD COMMERCIAL BROKERAGE, INC; XUAN NATION, LLC, AND NM CCIM CHAPTER OF THE COMMERCIAL INVESTMENT REAL ESTATE INSTITUTE<br><br>        Plaintiffs,<br><br>vs.<br><br>BLAINE HARRINGTON, III<br><br>        Defendant/Counterclaim Plaintiff<br>        Third Party Plaintiff<br><br>vs.<br><br>ADLER MEDICAL, LLC; WALT ARNOLD COMMERCIAL BROKERAGE, INC.; XUAN NATION, LLC; AND NM CCIM CHAPTER OF THE COMMERICAL INVESTMENT REAL ESTATE INSTITUTE,<br><br>        Counterclaim Defendants<br><br>and<br><br>CCIM INSTITUTE,<br><br>        Third Party Defendant | Case No. 1:22-cv-00072-KG-LF |

**CERTIFICATE OF SERVICE FOR PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' RESPONSE IN OPPOSITION TO COUNTERCLAIMENTS' MOTION FOR LEAVE TO ADD ENCHANTMENT MARKETING, LLC AS THIRD-PARTY DEFENDANT**

I hereby certify that on this 24th day of May, 2022, a true and correct copy of

Plaintiffs'/Counterclaim Defendants' Response in Opposition to Counterclaiments' Motion

for Leave to Add Enchantment Marketing, LLC as Third-Party Defendant, including this

Certificate of Service, were served via email, to the following counsel of record:

Daniel DeSouza
James D'Loughy
COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL  33065
Telephone: (877) 437-6228
Email:  dan@copycatlegal.com
           **james@copycatlegal.com**

*/s/Jeffrey Squires*