IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00072-KG-LF

ADLER MEDICAL, LLC, WALT ARNOLD
COMMERCIAL BROKERAGE, INC., XUAN
NATION, LLC, and NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT
REAL ESTATE INSTITUTE,

    Plaintiffs,

v.

BLAINE HARRINGTON III,

    Defendant.

---

BLAINE HARRINGTON III,

    Counter-Plaintiff,

v.

ADLER MEDICAL, LLC, WALT ARNOLD
COMMERCIAL BROKERAGE, INC., XUAN
NATION, LLC, and NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT
REAL ESTATE INSTITUTE,

    Counter-Defendants.

---

**DEFENDANT'S MOTION TO COMPEL PLAINTIFFS TO
RESPOND TO SECOND REQUEST FOR PRODUCTION**

Defendant Blaine Harrington III ("Defendant") hereby files this motion to compel plaintiffs Adler Medical, LLC, Walt Arnold Commercial Brokerage, Inc., Xuan Nation, LLC, and NM CCIM Chapter of the Commercial Investment Real Estate Institute (collectively, the "Plaintiffs")

to properly respond to Defendant's Second Request for Production.[1]

## INTRODUCTION

Generally stated, Plaintiffs initiated this lawsuit after each received a copyright infringement notice/demand letter from Defendant's counsel. Rather than attempt to resolve those allegations of copyright infringement, Plaintiffs banded together and asserted affirmative claims against Defendant – two (2) of which seek damages that Plaintiffs themselves state "*consist of attorneys fees* [they have] incurred and will incur as a result of Harrington's threats to sue…."[2]

Given that Plaintiffs' 'damages' purportedly consist of attorneys' fees incurred in this action, the Second Request for Production seeks production of documents reflecting *payment* of such attorneys' fees (as Plaintiffs have previously produced their counsel's redacted invoices in response to the First Request for Production). Plaintiffs, however, have lodged several objections to what is otherwise a straightforward request – agreeing only to produce documents showing what fees Plaintiffs have purportedly *incurred* (rather than paid) and only agreeing to do so "at the time the parties enter serious settlement discussions" or "at the time a pretrial order is being prepared prior to trial." As set forth herein, Plaintiffs' objections are not well-taken.

## PROCEDURAL HISTORY/BACKGROUND

1. On May 13, 2022, Defendant served the Second Request for Production. The Second Request for Production contains a total of two (2) individual requests, only one of which (the first request) is relevant hereto:

---

[1] A true and correct copy of Defendant's Second Request for Production is attached hereto as **Exhibit "A."** A true and correct copy of Plaintiffs' Responses to Defendant's Second Request for Production is attached hereto as **Exhibit "B."**

[2] See Initial Disclosures of Plaintiff/Counterclaim Defendant Adler Medical, LLC, dated March 18, 2022, a true and correct copy of which is attached hereto as **Exhibit "C"** (emphasis added). The initial disclosures of the other Plaintiffs are substantially identical.

1. For all monies you claim as damages in this lawsuit (including but not limited to monies paid to Peacock Law P.C., in connection with legal services rendered in this lawsuit), all documents (such as copies of checks, wire transfer confirmations, ACH transfer confirmations, etc.) reflecting the payment of such monies. For the avoidance, an invoice requesting payment is only partially responsive to this request. To fully comply with this response, you should produce the documents (such as checks) showing your actual payment of the invoice.

2. The above-quoted request unequivocally seeks production of documents pertaining to Plaintiffs' actual *payment* of counsel's invoices and goes to painstaking lengths to provide that invoices (such as those from Peacock Law P.C.) are only partially responsive to such request.

3. On May 31, 2022, Plaintiffs served their Responses to the Second Request for Production. Relevant hereto, the response with respect to payment records first incorporates two general/boilerplate objections from Plaintiffs' responses to the First Request for Production[3] and then goes on delve further into the absurd:

---

[3] A true and correct copy of Plaintiffs' responses to the First Request for Production is attached hereto as **Exhibit "C."**

> RESPONSE: Objection. See General Objections 3 and 5. Moreover, Harrington is seeking information previously provided by Plaintiffs with the letter previously sent by their attorney to Harrington's attorney on April 13, 2022 in compliance with the Court's Order scheduling the settlement conference held May 9, 2022, a copy of which letter is submitted herewith. As Harrington has been told many times by Plaintiffs' counsel, the "damages" Plaintiffs are seeking consist nearly exclusively of the costs and attorney fees they have been required to incur, and his new request is unreasonable and made only to harass Plaintiffs with unnecessary burdens. Harrington now seeks not only invoices but records of payment of fees, all of which are changing monthly. Notwithstanding this objection, Plaintiffs will agree to provide Harrington records showing the total of fees and expenses incurred for which they seek reimbursement at the time the parties enter serious settlement discussions in which Harrington's payment of their fees and expenses is contemplated; and at the time a pretrial order is being prepared prior to trial.

4. Thus, notwithstanding that Plaintiffs are seeking damages that "consist nearly exclusively of the costs and attorney fees" they have purportedly incurred in this lawsuit, Plaintiffs first assert that it would be "unduly burdensome" to produce payment records (General Objection No. 3), then assert such payment records "have no relevance" to the claims or defenses in this lawsuit (General Objection No. 5), and finally that Plaintiffs are free to withhold *any* production concerning their attorneys' fees until Plaintiffs are satisfied that "serious" settlement discussions are occurring.

## ARGUMENT

### I. Legal Standard

As the Court knows, "[t]he scope of discovery under rule 26 is broad." EEOC v. Roark-Whitten Hosp., No. 1:14-cv-00884-MCA-LF, 2017 U.S. Dist. LEXIS 132026, at *4-5 (D.N.M.

Aug. 17, 2017) (citing Gomez v. Martin Marrietta Corp., 50 F.3d 1511, 1520 (10th Cir. 1995) ("the scope of discovery under the federal rules is broad"). The federal discovery rules reflect the courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947). As a result of this policy, Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matter[s] that could bear on any issue that is or may be raised in a case." Anaya v. CBS Broad., Inc., 251 F.R.D. 645, 649-50 (D.N.M. 2007) (internal quotations marks omitted) (brackets in original).

## II. The Court Should Overrule Plaintiffs' Objections

### *A. The Boilerplate Objections*

As a threshold matter, Plaintiffs' boilerplate objections (Nos. 3 and 5) (unduly burdensome and lack of relevance) are meaningless and border on *frivolity*. The impropriety of these objections is not a novel concept – indeed, a search on Lexis for "boilerplate /s objection" yields at least 313 different decisions within the 10th Circuit providing that boilerplate objections are meaningless/not tolerated. As stated in City of Las Cruces v. United States, No. 17-809 JCH/GBW, 2021 U.S. Dist. LEXIS 216384, at *32-33 (D.N.M. Nov. 9, 2021):

> The Court deems Plaintiffs' general objections waived for all discovery requests to which their response does not incorporate a general objection by reference and explain its applicability. Plaintiffs preface each of their responses to American Linen's three sets of written discovery requests with numbered blanket objections… some of which they incorporate by number into specific answers…. This Court and other courts have long found general objections to discovery requests inconsistent with the express requirement in Federal Rule of Civil Procedure 33(b)(4), and the implicit requirement in the rules for other discovery requests, that objections to discovery are stated with specificity…. Specificity requires a showing of how a particular discovery request is irrelevant, immaterial, unduly burdensome, overly broad, or otherwise objectionable…. Plaintiffs' general objections do not

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

make this showing.[4]

See also Heuskin v. D&E Transp., LLC, No. 19-957 MV/GBW, 2020 U.S. Dist. LEXIS 51644, at *5 (D.N.M. Mar. 25, 2020) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all."); Strobel v. Rusch, No. 18-656 RB/JFR, 2020 U.S. Dist. LEXIS 248004, at *21 (D.N.M. Jan. 23, 2020) ("[T]he Court admonishes Defendants from using such blanket assertions, which are replete in their objections…. Generalized objections that a discovery request is vague, overly broad or unduly burdensome are not acceptable and should be overruled."); Willett v. Redflex Traffic Sys., No. 1:13-cv-1241-JCH/LAM, 2015 U.S. Dist. LEXIS 193278, at *10 (D.N.M. May 8, 2015) ("Defendants' use of boilerplate, blanket objections are improper."); Steed v. EverHome Mortg. Co., 308 F. App'x 364, 371 (11th Cir. 2009) (Boilerplate objections "border on a frivolous response to discovery requests.").

Plaintiffs do not endeavor to explain how it would be "unduly burdensome" for them to produce payment records with respect to Peacock Law's invoices. Indeed, it would be difficult to imagine how such could be burdensome at all. If Adler Medical paid 3 invoices by check, it would simply produce copies of 3 checks. If Walt Arnold Commercial Brokerage paid an invoice by wire transfer, it could produce a copy of the wire confirmation. It is frankly inconceivable that it would be 'unduly burdensome' for Plaintiffs to comply with the subject request.

Plaintiffs' "relevance" objection is equally puzzling. Plaintiffs have ***repeatedly*** defined their 'damages' as the attorneys' fees/costs incurred in this lawsuit. That Peacock Law issues an invoice for $1 million, however, hardly means that Plaintiffs' damages are actually equivalent thereto. If, for example, Plaintiffs pay only $50,000.00 of that $1 million invoice (e.g., if Peacock Law grossly overbills or perhaps agreed to cap its fees at a certain amount), they cannot seriously

---

[4] Internal citations omitted.

contend their damages are $1 million (unless of course Plaintiffs and their counsel are comfortable with attempting to commit fraud on the Court). Plaintiffs have not hesitated to produce their respective engagement letters with Peacock Law in addition to a handful of invoices issued by Peacock Law. Plaintiffs have not contended these documents to be irrelevant, but have strangely put their foot down with respect to records reflecting actual payment (rather than the purported obligation to pay reflected by an invoice). There is no question that such payment records are within the broad scope contemplated by Fed. R. Civ. P. 26(b) given that 'damages' is a necessary element of at least 2 of Plaintiffs' affirmative claims for relief. See, e.g. Am. Air Filter Co., Inc. v. Universal Air Prods., L.L.C., No. 3:14-CV-665-TBR-LLK, 2015 U.S. Dist. LEXIS 80409, at *3 (W.D. Ky. June 22, 2015) ("[I]ssues related to money damages fall within the scope of discovery, even if not specifically described in the complaint."). Plaintiffs cannot seriously contend that, having chosen to define their 'damages' as the attorneys' fees incurred in this lawsuit, their payment of such fees somehow has no relevance whatsoever to their claims/damages.

### III. Plaintiffs' Remaining Objections

Plaintiffs' remaining objections hardly merit a serious discussion. First, the notion that Plaintiffs' fees are "changing monthly" due to Peacock Law's issuance of new invoices is hardly an impediment to production under the Federal Rules. In counsel's June 7, 2022 response to undersigned counsel's meet-and-confer letter, Plaintiffs' counsel stated:

> [N]othing in the Federal Rules I know of suggests that the obligation of a party to supplement their discovery responses requires a party to constantly (daily? monthly?) be providing information updates every instance there is an additional piece of information that is responsive—even to a legitimate request.[5]

---

[5] A true and correct copy of a June 7, 2022 e-mail from Jeff Squires, Esq. to Daniel DeSouza, Esq. is attached

No one has suggested that Plaintiffs supplement their document production on a ***daily*** basis. But Plaintiffs' counsel seems to ignore that Fed. R. Civ. P. 26(e) requires a party to supplement its discovery responses "***in a timely manner***" if it learns that the disclosure is incomplete.[6] Indeed, Plaintiffs have a "continuing obligation" to supplement their discovery responses/initial disclosures. See Stuhmer v. Girdner, Civil Action No. 1:20-cv-0486-SKC, 2021 U.S. Dist. LEXIS 247550, at *3 (D. Colo. Dec. 1, 2021); Barnett v. Surefire Med., Inc., Civil Action No. 17-cv-02470-PAB-KLM, 2019 U.S. Dist. LEXIS 168572, at *9 (D. Colo. Sep. 30, 2019). Plaintiffs chose to define their purported 'damages' as the attorneys' fees incurred in this lawsuit – they cannot now refuse to produce records related to those fees as such are continuing to be incurred.

Second, Plaintiffs' position that it will produce further legal invoices "at the time the parties enter into serious settlement discussions" or "at the time a pretrial order is being prepared" is, in a word, absurd. There is ***nothing*** in the Federal Rules of Civil Procedure allowing a party to dictate that documents will be produced only if "serious" settlement discussions are ongoing or to withhold such documents altogether until after the close of fact discovery. Generally speaking, documents are produced ***during discovery*** so that they can be used during depositions (which also occur ***during discovery***) or provided to expert witnesses (which usually also occurs ***during discovery***). Undersigned counsel is not familiar with ***any*** legal authority providing that a party may withhold documents until such time as that party sees fit – whether tied to the timing of settlement discussions, the preparation of a pretrial order, or anything else.

## **CONCLUSION**

---

hereto as **Exhibit "D."**

[6]     Emphasis added.

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order: (a) overruling Plaintiffs' objections to the Second Request for Production and requiring Plaintiffs, on an ongoing basis, to produce all documents responsive thereto within thirty (30) days of such documents being created; (b) awarding Defendant his reasonable attorneys' fees/expenses incurred in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5); and (c) for such further relief as the Court deems proper.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Local Rule 7.1(a), undersigned counsel conferred in good faith with Plaintiffs' counsel to obtain the subject discovery without court intervention. The parties, however, were unable to reach any agreement regarding the subject discovery.

Dated: June 21, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
Daniel DeSouza, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza