IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ADLER MEDICAL, LLC; et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1-22-cv-00072-KG-LF |
| | ) |
| BLAINE HARRINGTON, III | ) |
| | ) |
| Defendant/Counterclaim Plaintiff | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| ADLER MEDICAL, LLC; et al. | ) |
| | ) |
| Counterclaim Defendants | ) |
| | ) |
| and | ) |
| | ) |
| CCIM INSTITUTE, | ) |
| | ) |
| Third Party Defendant | ) |

**PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION
TO HARRINGTON'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

I.      INTRODUCTION

In his motion [Doc. 73] Mr. Harrington asserts, as the only basis for disqualification, that

Plaintiffs' counsel is "the sole source of knowledge" concerning Plaintiffs' allegations in this

matter (p. 1); that he is "the **only person** with purported knowledge concerning the evidentiary

basis of Plaintiffs' claims." (Id. p. 15)(bold in original); that counsel "has blocked all efforts to

inquire into the 'facts' as supposedly known by Mr. Squires" (Id.); and that "Plaintiffs' factual

allegations are uniquely the creation of Mr. Squires himself." (Id.).  On these predicate statements-

-but without identifying any specific facts about which counsel could testify--Harrington has not

shown that counsel is a necessary, much less qualified, witness to testify as to facts Plaintiffs may offer, either in support of their own claims or their defenses to Harrington's infringement claims; nor that counsel engaged in any significant, intentional misconduct during the course of his clients' depositions.

In support of his motion, and efforts to characterize undersigned counsel's conduct as improper, Harrington attached just over 100 pages of Exhibits,[1] including portions of transcripts of the depositions of representatives of each of Plaintiffs, to which he refers in order to illustrate the witnesses' ignorance of certain facts, and which actually show that Plaintiffs' counsel conducted himself respectfully throughout, instructed his clients not to answer questions only where the information sought was subject to privilege.[2]

In his motion Harrington has not bothered to analyze or apply the conditions of Rule 16-307 of New Mexico's Rules of Professional Conduct, including the exception in cases where disqualification would "work substantial hardship" Rule 16-307(3).  And most importantly, he has ignored the many sources of evidence that exist to support Plaintiffs' claims and defenses.

In seeking to have counsel disqualified, Mr. Harrington overlooks--and would have the Court overlook--that Plaintiffs are relying, inter alia, on the conduct of Harrington in asserting claims and bringing suit against Plaintiffs and approximately 100 other parties he has in the past accused of essentially the same allegedly infringing conduct.  He would have the Court ignore that Plaintiffs have complied with discovery requests and produced responsive documents sought by

---

[1]  Plaintiff's exhibits exceed the number of pages permissible under Rule 10.5, D.N.M.LR-cv 10.5. Harrington's counsel did not ask Plaintiffs' counsel for his consent, and did not seek leave of Court to submit that number of pages.

[2]  See the portions of Plaintiffs' testimony quoted at pages 5-12 of Harrington's motion.

Harrington concerning the factual basis of their claims and defenses, without objection from Mr. Harrington.[3]  And he has not seen it necessary to mention Harrington's (as directed by his counsel) refusal to cooperate and produce material in discovery that Plaintiffs believe will support their claims and defenses.  See Declaration of Plaintiffs' counsel submitted herewith, ¶ 10 and Exhibit 3.

Plaintiffs submit that Mr. Harrington's motion to disqualify their counsel is a kind of side show;  a diversion.  If, as Mr. Harrington contends, Plaintiffs cannot prove their claims and defenses without their counsel's testimony, and their counsel asserts under penalty of perjury that he is not qualified to testify as to facts that support those claims and defenses, we are left with a situation in which Harrington perhaps should be seeking summary judgment (after Plaintiffs have had a full and fair response to their discovery requests and Harrington has answered all questions properly put to him in his deposition, to be continued when he has complied with that discovery).  While Plaintiffs believe they will have facts sufficient to withstand a summary judgment motion and try their case, Harrington apparently believes otherwise.

Mr. Harrington's motion is yet another example of the baseless efforts he and his attorneys have made consistently throughout this litigation to impose burdens on Plaintiffs in effort to coerce them to settle his claims.  The Court can and should impose sanctions on either or both of them under authority provided by 28 U.S.C. § 1927 and the general authority of the Court to supervise and prevent improper litigation conduct in cases before it.  See Chambers v. NASCO, 501 U.S. 32, 111 S.Ct. 2123 (1991).

---

[3]  The only discovery dispute initiated by Mr. Harrington in this case involved his efforts to obtain billing records and records of payment of attorneys fees by Plaintiffs, which was resolved during the first of Plaintiffs' depositions on August 8, 2022 and then by order of this Court on August 25, 2022 [Doc. 66], with which Plaintiffs have complied and will continue to comply.

## II.   FACTS

Mr. Harrington's motion is refuted by the very facts he presents in effort to support it (pp. 5-12); and by additional facts provided in undersigned counsel's Declaration provided herewith. Without repeating in its entirety the content of that Declaration, it shows that Plaintiffs properly provided designated representatives for their depositions; that those representatives were properly prepared; and that they concededly did not have personal knowledge of certain allegations in their complaint against Mr. Harrington.  It also shows that their counsel has considerable experience in past litigation with Mr. Harrington, and that experience certainly informed his advice to his clients, and the formulation of Plaintiffs' claims and defenses in this matter.  Nothing about counsel's experience, or his advice to his clients, qualifies him to testify in the present matter about facts that support Plaintiffs' claims or defenses.  And counsel has clearly indicated, in his Declaration, that he will not be a witness in this case with respect to those matters.[4]

Notably, Mr. Harrington does not mention in his motion the other sources of information that could be offered in evidence in support of Plaintiffs' claims and defenses, some of which Plaintiffs and their designated deposition witnesses would not be expected to have knowledge.   Mr Harrington has been a prolific litigant over the past five years, with reported infringement case filings numbering approximately 100, containing records of his conduct, including evidence of the value he has attributed to the use of his photographs and his own description of his litigation conduct.  He has resisted discovery in the present case (and others), some of which resistance is described or referenced in the accompanying Declaration of Plaintiffs' counsel.  See counsel's letter of September 30, 2022, Exhibit 3 to that Declaration.  The facts that support Plaintiffs' claims

---

[4]  That would not preclude counsel testifying about the nature and value of his legal services, consistent with the provisions of Rule 16-307.

and defenses are found in his conduct in asserting his infringement claims and in these sources. Mr. Harrington's deposition testimony--taken at the end of September and not yet transcribed-- provides substantial evidence that will be offered in evidence in this matter.  There is simply no basis for Mr. Harrington's contention that Plaintiffs' counsel is the only source of evidence to support their claims and defenses.[5]

Also notably, Mr. Harrington's recitation of selected portions of the testimony of witnesses for Plaintiffs further undercuts his contention that undersigned counsel will be a necessary witness at trial, and the contention that counsel's conduct at these depositions unfairly blocked his efforts to get answers from the witnesses.  In their depositions the designated representatives testified truthfully about the facts of which they were knowledgeable, including the demands made by Mr. Harrington and his counsel, and the sources and uses they had made of the photographs that were the subject of Mr. Harrington's infringement claims.  They also testified truthfully about their lack of knowledge of Mr. Harrington's past practices, for which they relied on their counsel to locate and offer evidence.[6]

---

[5] Mr. Harrington's selected portions of Plaintiffs' deposition testimony do not reflect most of their testimony, in which all the witnesses for all the Plaintiffs testified about their having received demands for the payment of $30,000 for the unwitting use of photographs that bore no notice of Mr. Harrington's claim to ownership; their belief that such demands were extortionate; and that they were being subjected to Mr. Harrington's conscious efforts to impose costs on them as a tactic to coerce payments far in excess of the reasonable market value of those photographs, about which some of the witnesses were knowledgeable.  Mr. Harrington's lawyer repeatedly questioned the witnesses about why they were incurring legal expenses when they could settle for amounts less than their legal costs--a clear showing of Mr. Harrington's tactic, akin to a protection racket offering to sell "insurance" to avoid losses that might otherwise be visited upon those who decline to pay.  See pp. 58, l. 8-62, l. 17 of Michelle Adler's deposition, in Exhibit 4 to undersigned counsel's Declaration.

[6] It is further worth noticing that when Mr. Harrington was deposed on September 28 and 29, he repeatedly testified that he had no knowledge of facts to support his allegations that Plaintiffs, or defendants he had accused of infringement in other cases, had acted willfully in their infringing use of his photos.  He testified in each instance that he was relying on his counsel to support such

While Mr. Harrington has criticized Plaintiffs' counsel's conduct during these depositions, all those depositions were conducted without Mr. Harrington being prevented from obtaining any facts he sought that were within the knowledge of Plaintiffs' designated representatives.  In fact, as shown in counsel's accompanying Declaration, all four of the depositions of Plaintiffs were conducted without serious problems; he did not engage in willful misconduct; he did not interpose bad faith objections to any questions; and he did not prevent Mr. Harrington's counsel from getting forthright answers from any witness.[7]

Mr. Harrington is certainly correct in stating, and later quoting Lajeunesse v. Sallee, 1998 WL 36030259 *1 (D.N.M. Oct. 27, 1998) in support, that "[p]laintiff's right to select counsel, while not an absolute right, may be overridden only where compelling interests exist." Defendant's motion to disqualify, pp. 2 and 12.  In Lajeunesse the Court found--as is the case here--that "Defendant's Memorandum in Support of the Motion to Disqualify does not demonstrate that Plaintiff's counsel's testimony is necessary in the trial" on one of plaintiff's claims.  Id. at *2.

After citing Lajeunesse, Mr. Harrington's argument goes rapidly downhill.  Nothing in any case cited by Mr. Harrington supports the contention that Plaintiffs' counsel is a necessary witness and should be disqualified.  Mr. Harrington does not even address the fact that disqualification of their counsel would work a hardship on Plaintiffs, at a time the parties have exchanged written discovery and taken one another's deposition.  And while Mr. Harrington seems to be suggesting

---

allegations.  Plaintiffs' counsel has not yet received the transcript of Mr. Harrington's deposition, but will provide these portions of his testimony when he has a transcript.

[7]  Plaintiffs' counsel did object and instruct one witness, Ms. Michelle Adler, not to answer questions about attorneys fees billed to and paid for legal services, because there was a pending, then unresolved motion to compel presenting that very issue.  When Mr. Harrington's counsel sought a ruling on that issue and the Court ruled that the inquiry was proper, counsel did not further object, and the witness answered the questions.  See transcript of the deposition of Michelle Adler submitted herewith as Exhibit 4, pp. 180, l. 13 - p. 183, l. 13.

that counsel has engaged in some kind of improper conduct, i.e., contending that he has "blurred the lines between advocate and fact witness" and "blocked all efforts to inquire into the facts" (Defendant's Memorandum at 15), he has not sought, and has no basis for seeking, sanctions against counsel other than in the form of disqualification in his present motion.

To the extent there was any contentiousness during the course of Plaintiffs' depositions, there was at least blame to be shared among counsel.  Mr. Harrington's counsel pursued lines of questioning that were improper, and Plaintiffs' counsel objected for that reason.  For example, questions about why Adler Medical had not settled with Mr. Harrington on his infringement claims were addressed to Michelle Adler.  See Adler Medical transcript, pp. 58, l. 8-62, l. 17 attached as part of Exhibit 4 to the Declaration of Plaintiffs' counsel submitted herewith.  Such questioning was not intended to elicit facts pertaining to the lawsuit, but to further intimidate and attempt to induce the witness to pay an extortionate amount to settle the case.  Mr. Harrington's counsel pursued the same line of questioning with all of the Plaintiffs in their depositions.  See also the Declaration of Plaintiffs' counsel, ¶¶ 13-15 and pp. 118-157 of Ms. Adler's deposition, referenced therein.

III.   ARGUMENT

A.   Plaintiff's counsel is not a necessary witness.

Based on the facts presented by Mr. Harrington and Plaintiffs described above, there is no basis for finding Plaintiffs' counsel a necessary witness at the trial of this case.  Mr. Harrington has provided no authority suggesting there is a "compelling reason" for overriding Plaintiffs' choice of their counsel.  See Lajeunesse v. Sallee, supra, and Hobbs v. Board of County Commissioners, 2006 WL 8444331 (D.N.M. Apr. 21, 2006), cited in Defendant's Motion to Disqualify, at 12.

Nothing in <u>Bounds v. San Lorenzo Community Ditch Association</u>, 2011 WL 13266524 (D.N.M. July 8, 2011), supports disqualification here.  There the court ruled that, if defendant was relying on an "advice of counsel" defense to plaintiff's claim that assessments made by the defendant were improper, the lawyer on whose advice defendant relied would likely be a necessary witness at trial, and would be disqualified from representing defendant at any trial or contested hearing (but otherwise could advise his client concerning the case).  The court further ruled that, if defendant withdrew the "advice of counsel" defense, there would be no restriction on the lawyer's representation.  <u>Id</u>. **6-7.  That decision has no bearing on the present case.

Mr. Harrington notes that the <u>Bounds</u> court quoted from the Tenth Circuit decision in <u>United States v. Stiger</u>, 251 F. Appx. 508 (10th Cir. 2007).  In that matter a criminal defendant had sought a mistrial after he was convicted for a drug-related offense, claiming there had been a conflict of interest because a lawyer had represented both him and a co-defendant.  The district court found, and the Court of Appeals affirmed, that there had been no lawyer-client relationship between Stiger and the allegedly conflicted lawyer, and so no conflict had existed.  That case, too, has no bearing on Mr. Harrington' disqualification motion.

<u>Jacks v. Regis Corporation</u>, 2001 WL 36739626 (D.N.M. Oct. 27, 2000), concerned a defendant's motion to disqualify plaintiff's lawyers in a discrimination lawsuit, and the court granted the motion, because the plaintiff's lawyer had, albeit briefly, been engaged to advise defendant in connection with the same dispute.  <u>Id</u>., *2.  This case, also, has no bearing on Mr. Harrington's present motion.

Mr. Harrington relies most heavily on this Court's decision in <u>Equal Employment Opportunity Commission v. BOK Financial Corporation</u>, 2013 WL 12045019 (D.N.M. Apr. 19, 2013).  There defendant BOK moved for sanctions arising from the conduct of an EEOC attorney,

in three depositions in which the defendant BOK sought information from three EEOC employees about a discrimination lawsuit brought by the EEOC. The court cited many scores of examples, filling 12 pages of its written decision, of the EEOC attorney directing the EEOC witnesses not to answer, based on a range of objections, but not based on the assertion of a recognized privilege. Id. **1-14. Based on the consistent obstructive conduct of the EEOC lawyer, the court imposed sanctions on the EEOC, including inter alia requiring it to pay BOK the reasonable costs and attorneys fees for taking the three depositions and for preparing and filing the sanctions motion. It also held that one of the EEOC witnesses deposed, a lawyer for the agency, based on his testimony, was a necessary witness in the case, and should be withdrawn by the EEOC as a counsel of record. Id. *18. Nothing about the decision in that case suggests either that Plaintiffs' counsel is a necessary witness in the present case, or that he obstructed and prevented Mr. Harrington from obtaining whatever information Plaintiffs' witnesses could truthfully offer in their depositions, that should subject him to sanctions.

More applicable to the present case would be the decision in Aragon v. The San Jose Ditch Association, 2011 WL 5223017 (D.N.M. Oct.3, 2011), in which this court denied a motion to disqualify defendant's lawyer, who had previously (30 years before) worked for the State Engineer. The lawyer had then had certain regulatory responsibilities with respect to ditch associations in New Mexico. He had then reviewed defendant's bylaws and written a memorandum evaluating defendant's bylaws. The court ruled that Plaintiff could not compel the lawyer to testify for him as an expert witness; and that his 30-year old memorandum about defendant's bylaws did not make him a necessary fact witness in the dispute between plaintiff and the Ditch Association. The 30 year old memorandum itself was sufficient evidence of its contents, about which the lawyer had no current recollection. Id. **9-10. Although the facts in that case

are not analogous to those in the instant case, the principled basis for the decision there is applicable here:  a lawyer who will not be a witness in a case, and who had no current personal involvement in or knowledge of disputed facts, should not be disqualified as counsel under Rule 307, NMRA 16-307.   See also <u>Khan v. Barela</u>, 2021 WL2117207, *3 (D.N.M. May 25, 2021)(denying plaintiff's motion to disqualify when there was no factual basis for the targeted attorneys to be necessary witnesses at trial).

   B.  Requiring Plaintiffs to replace their current counsel would cause hardship to them.

   Even was there any factual basis for considering the disqualification of Plaintiffs' attorney, Mr. Harrington's motion should be denied as it would obviously work a hardship on Plaintiffs to have to replace their counsel.   Rule 307 as adopted in New Mexico, NMRA 16-307, contains the same exceptions found in the Model Rule 307, as adopted by the ABA.   See <u>Annotated Model Rules of Professional Conduct</u> (Sixth Edition 2007).   The third exception applies when "disqualification of the lawyer would work substantial hardship on the client."  That would be the case here.[8]  See, e.g., <u>United States Fire Insurance Company v. Icicle Seafoods, Inc.</u>, 523 F.Supp. 3d 1262, 1268 (W.D. Wash. 2021)(even in fairly early stages of litigation, disqualification of insurers' counsel representing group of seven parties, would work hardship on plaintiffs).

   Plaintiffs are providing herewith the Declaration of Brandon Saylor, the president of NM CCIM Chapter, concerning the hardship that party would suffer if its counsel were disqualified. The other Plaintiffs could all offer similar declarations, but such submissions would only serve to restate what Mr. Saylor say, and needlessly burden the record here.   The harm suffered by several

---

[8]  It is particularly noteworthy that Mr. Harrington is seeking to disqualify counsel in all current cases in which his own lawyers are representing him and another photographer in infringement lawsuits against other clients of Plaintiffs' counsel.  See Mr. Harrington's motion to disqualify, pp. 15-17.

of the other parties (in the present case and others identified by Mr Harrington) would be equal or greater that is the case with NM CCIM Chapter, as many of those parties are very small entities which would be even more severely burdened by the additional costs that would be imposed on them.  And the case against imposing such burdens on all these parties is made more compelling by the fact that Mr. Harrington has shown no basis for disqualifying their counsel, in the first place.

C.    Plaintiffs' Counsel has not engaged in improper litigation conduct that would justify any sanctions, much less disqualification.

Notwithstanding Mr. Harrington's counsel's rhetorical remonstrations about Plaintiffs' counsel having "blocked" his ability to obtain information from Plaintiffs' witnesses, or his complaints about a number of good faith objections and instructions not to answer based on attorney-client privilege, Mr. Harrington's lawyer has not identified one instance of his inability to obtain truthful answers from Plaintiffs' witnesses.  Some questions sought information beyond their knowledge, which they readily confirmed and stated their reliance on their counsel. Plaintiffs' counsel's objections on the basis of privilege were clearly stated; not used excessively; and were asserted in response to questions calling for information exchanged between lawyer and client in the course of communicating about the case.  When a ruling was secured from the Court with respect to information about attorneys fees billed to and paid by Plaintiffs, no further objections to those question were stated.  There is no indication that Plaintiffs' counsel intended to be obstructive, or that Plaintiffs' witnesses did not provide forthright answers.[9]

Also as shown above (see discussion of Equal Employment Opportunity Commission v. BOK Financial Corporation, supra, at pages 8-9), counsel has not been responsible for the type of

---

[9]  As shown above at pages 7 - 10, the fact that witnesses do not have direct knowledge of facts, and rely on their counsel to support the allegations of a complaint does not make counsel a necessary witness; it shows only that the witnesses are relying on counsel to find and produce the necessary evidence

misconduct that warrants the imposition of sanctions, much less disqualification. Without trying to defend his conduct in which Plaintiffs' counsel did inappropriately mutter something during the course of the deposition, that was not an intentional act designed to "block" Mr. Harrington's counsel from obtaining information from the witness, see Declaration of Plaintiffs' counsel submitted herewith, ¶¶ 13-15, and it did not have the effect of doing so. The deposition was occasionally contentious--but as seen in the portions of transcript provided herewith as Exhibit 4, it was not unduly so and Plaintiffs' counsel was not uniquely to blame for any argumentative exchanges between counsel.

Plaintiffs are providing herewith the Declaration of Brandon Saylor, the president of NM CCIM Chapter, concerning the hardship that party would suffer if its counsel were disqualified. The other Plaintiffs could all offer similar declarations, but such submissions would only serve to restate what Mr. Saylor says, and needlessly burden the record here. The harm suffered by several of the other parties (in the present case and in others identified by Mr. Harrington) would be equal or greater than is the case with NM CCIM Chapter, as many of those parties are very small entities which cannot afford the additional costs that would be imposed on them. And the case against imposing such burdens on all these parties is made more compelling by the fact that Mr. Harrington has shown no basis for disqualifying their counsel, in the first place.

D.     Mr. Harrington has sought disqualification of Plaintiffs' counsel without any legitimate factual basis and for improper purposes, and he or his counsel should be sanctioned.

Mr. Harrington has not identified any facts as to which Plaintiffs' counsel has knowledge about which he could qualify as competent to testify in this matter. The sole basis for his motion to disqualify counsel is that Plaintiffs are relying on their counsel to produce evidence and prove their claims and defenses at trial. That is no basis for seeking to disqualify an opposing party's attorney.

Moreover, Mr. Harrington's motion, and testimony he sought during the depositions of Plaintiffs, is evidence of the improper purpose of his motion, consistent with other efforts to intimidate and coerce unjustified payments from Plaintiff.  See, e.g., his counsel's questioning of Ms. Adler about why she would not pay certain amounts to settle this matter.  Adler Dep. Tr. pp. 58-62, part of Exhibit 4 submitted with the Declaration of Plaintiffs' counsel, which line of questioning he pursued in all of his depositions of Plaintiffs.

For these reasons, it would be appropriate for the court to sanction Mr. Harrington and/or his counsel.  A separate motion for Rule 11 sanctions would normally be required to be filed separately, see Rule 11(c)(2), but that would be impractical under the circumstances presented here.  Sanctions would be properly imposed under the Court's general authority to administer cases before it.  See Chambers v. NASCO, supra; and 28 U.S.C. § 1927 provides authority to impose sanctions where counsel--as is here the case--unreasonably and vexatiously "multiplies the proceedings in any case."

CONCLUSION

For reasons set forth above, Defendant's Motion to Disqualify Plaintiffs' counsel should be denied, and because Defendant's motion is baseless and was pursued for the improper purpose of harassing and imposing costs on Plaintiffs, the Court should sanction Defendant's counsel and require them to reimburse Plaintiffs their costs and attorneys fees in defending the motion to disqualify.

Respectfully submitted,

By: /s/ Jeffrey L. Squires
SQUIRES LEGAL COUNSEL, LLC
Jeffrey L. Squires
P.O. Box 92845
Albuquerque, NM  87199
Tel:  505-835-5500

Email:  jsquires@squireslegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| ADLER MEDICAL, LLC; et al. | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 1-22-cv-00072-KG-LF |
| | ) |
| BLAINE HARRINGTON, III | ) |
| Defendant/Counterclaim Plaintiff | ) |
| Third Party Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| ADLER MEDICAL, LLC; et al. | ) |
| Counterclaim Defendants | ) |
| | ) |
| and | ) |
| | ) |
| CCIM INSTITUTE, | ) |
| Third Party Defendant | ) |

**PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO HARRINGTON'S MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

I hereby certify that on this 6th day of October, 2022, I served a true and correct copy of Plaintiffs'/Counterclaim Defendants' Memorandum in Opposition to Harrington's Motion to Disqualify Plaintiffs' Counsel, along with this Certificate of Service, to Defendant's counsel, via the Court's CM/ECF system:

Daniel DeSouza
James D'Loughy
COPYCAT LEGAL, PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL  33065
Telephone:  (877) 437-6228
Email:  dan@copycatlegal.com
        james@copycatlegal.com

*/s/ Jeffrey Squires*