IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:22-cv-00072-KG-LF

ADLER MEDICAL, LLC, WALT ARNOLD
COMMERCIAL BROKERAGE, INC., XUAN
NATION, LLC, and NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT
REAL ESTATE INSTITUTE,

    Plaintiffs/Counter-Defendants,

v.

BLAINE HARRINGTON III,

    Defendant/Counter-Plaintiff.

## SUGGESTION OF DEATH

Pursuant to Fed. R. Civ. P. 25(a)(1), undersigned counsel files this Suggestion of Death ("Suggestion") upon the record of defendant/counter-plaintiff Blaine Harrington III's ("Defendant") death on January 18, 2023.

1. Undersigned counsel files this Suggestion in an abundance of caution due to upcoming deadlines. Defendant passed away overseas, and his family (who would serve as his personal and/or legal representatives) has traveled to and is currently in South Africa collecting his personal items and making arrangements to return to the United States. As a result, undersigned counsel has been unable to discuss retention by the personal representative to continue representation in this matter.

2. Courts appear split on who is a proper party to file a Suggestion of Death. See Schmidt v. Merrill Lynch Tr. Co., No. 5:07-cv-382-Oc-10GRJ, 2008 U.S. Dist. LEXIS 114674, at *7-8 (M.D. Fla. June 2, 2008):

While Rule 25(a) does not explicitly specify who may properly serve the suggestion of death, courts have construed the rule so as to allow the suggestion to be filed by any of the same persons who are permitted to move for substitution. Thus, a suggestion of death is ineffective under Rule 25(a) unless it is filed by either a party, or by a representative of the deceased party.

The deceased party's attorney is not the type of "representative" contemplated by Rule 25(a). 21 An attorney's agency to act on behalf of a client terminates upon that client's death. 22 Accordingly, courts have consistently excluded decedent's counsel from the definition of those "representatives" having the authority to file a suggestion of death under Rule 25(a).

But see Cuoco v. Palisades Collection, LLC, Civil Action No. 13-6592 (JLL), 2014 U.S. Dist. LEXIS 31660, at *21 (D.N.J. Mar. 11, 2014):

This is not a case in which a deceased defendant's attorney is seeking to terminate the litigation by filing a suggestion of death on the record and naming no representatives or successors, creating an unreasonable burden for the plaintiff. Therefore, the concern of impermissible burden shifting is inapplicable in this case. Id. Because there is no such concern surrounding a plaintiff's attorney filing the suggestion of death, the Court concludes that the initial suggestion of death filed by Plaintiff's attorney, Mr. Mauro, was not defective.

3. Should the Court find this Suggestion to be effective, undersigned counsel understands the impact that decision has on this matter – commencing the 90-day period to file a motion to substitute a party. Should the Court find this Suggestion deficient, undersigned counsel understands and primarily seeks to put the Court on notice of Defendant's passing.

| | |
|---|---|
| Dated: January 26, 2023 | COPYCAT LEGAL PLLC.<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br><br>By: /s/ Daniel DeSouza_____<br>        Daniel DeSouza, Esq. |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza

3
COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DR., SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228