IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADLER MEDICAL, LLC; WALT ARNOLD
COMMERCIAL BROKERAGE, INC.; XUAN
NATION, LLC; AND NM CCIM CHAPTER
OF THE COMMERCIAL REAL ESTATE INSTITUTE,

      Plaintiffs,

vs.                                                                        1:22-cv-00072-KG-LF

MAUREEN HARRINGTON
as personal representative for the estate of Blaine Harrington III,

      Defendant.[1]

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT HARRINGTON'S
MOTION TO DISQUALIFY PLAINTIFFS' COUNSEL**

      THIS MATTER comes before the Court on defendant Maureen Harrington's[2] Motion to

Disqualify Plaintiffs' Counsel, filed on September 26, 2022.  Doc. 73.  Plaintiffs filed a response

on October 6, 2022.  Doc. 74.  Ms. Harrington filed a reply on October 13, 2022.  Doc. 76.  The

Court, having read the submissions of the parties and the relevant law, finds that the motion is not

well-taken and will DENY it.

      A party has a right to be represented by an attorney of his or her own choosing; however,

that right is not absolute.  *Sanders v. Rosenberg*, 1997-NMSC-002, ¶ 9, 122 N.M. 692, 694, 930

P.2d 1144, 1146.  The Court may reject a party's chosen counsel if a compelling reason exists that

supports disqualification.  *Id*.  This Court ascertains whether counsel should be disqualified by

looking to the New Mexico Rules of Professional Conduct.  *See* D.N.M.LR-Civ. 83.9; *see also*

---

[1] *See* docket for full caption.

[2] Blaine Harrington III filed this motion prior to his death in December of 2022.  Ms. Harrington
was substituted as plaintiff on behalf of Mr. Harrington's estate on March 30, 2023.  Doc. 95.

*Tapia v. City of Albuquerque*, 10 F. Supp. 3d 1171, 1202 (D.N.M. 2014) (citing *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).  "[T]he burden of establishing that counsel should be disqualified lies with the party seeking disqualification."  *Roy D. Mercer, LLC v. Reynolds*, 2013-NMSC-002, ¶ 23, 292 P.3d 466, 472.  Disqualification is a drastic remedy.  *In re Las Uvas Valley Dairies*, 648 B.R. 260, 264 (Bankr. D.N.M. 2022).  Trial courts are granted broad discretion to determine whether disqualification is required in a particular case.  *Id.*  The moving party bears a heavy burden to show facts warranting disqualification.  *Id*.

Defendant contends that plaintiffs' counsel, Jeffrey Squires, must be disqualified because he is a necessary witness.  Doc. 73 at 14–18.  The New Mexico Rules of Professional Conduct state:

> **A. Necessary Witnesses.** A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>     (1) the testimony relates to an uncontested issue;
>     (2) the testimony relates to the nature and value of legal services rendered in the case; or
>     (3) disqualification of the lawyer would work substantial hardship on the client.

Rule 16-307 NMRA.

Defendant argues that Mr. Squires "has filed a Complaint ostensibly on behalf of Plaintiffs, yet he is the ***only person*** with purported knowledge concerning the evidentiary basis of Plaintiffs' claims."  Doc. 73 at 15 (emphasis in original).  Defendant further argues that Mr. Squires has blocked all efforts to obtain fact discovery by claiming the attorney-client privilege.[3]

---

[3] Defendant further argues that Mr. Squires' behavior during the depositions and his instructions to his clients to not answer certain questions based on the attorney-client privilege was inappropriate.  Doc. 73 at 5, 10–12, 17.  Defendant has not filed a written motion to compel deposition responses or for sanctions against Mr. Squires for his behavior during the depositions in this or any other motion pending before the Court.  *See* D.N.M.LR-Civ. 7.1(a) ("A motion must be in writing and state with particularity the grounds and the relief sought.").  The only relief sought in this motion is that Mr. Squires be disqualified from this case and be ordered to

*Id.*

The crux of Ms. Harrington's argument is that during the depositions of the plaintiff representatives, none of them knew any facts that supported their claims that Mr. Harrington was a "copyright troll"[4] except for what they had been told by their lawyer, Mr. Squires. *See generally* Doc. 73.  Plaintiffs, however, are not required to have personal knowledge of all of the facts in their complaint in order to bring their claims.  Evidence of the factual allegations in a complaint does not always come from the plaintiff.  Indeed, it is not uncommon that a plaintiff knows very little about how an accident happened that caused his or her injuries, what happened in an operating room that caused medical malpractice, or how a loved one died in a wrongful death case.  Many cases are supported by expert testimony and other investigatory methods of which a particular plaintiff may know nothing about.  Additionally, if a case is premised on the sheer number of cases filed across the country—as this one appears to be, *see* Doc. 1 ¶¶ 10, 11—the Court can take judicial notice of those proceedings.  *See Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014) (a court can take judicial notice of "documents and docket materials filed in other courts"); *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) ("the court is permitted to take judicial notice of its own files and records, as

---

withdraw from the related cases.  Doc. 73 at 18.  Accordingly, the Court will not address whether Mr. Squires' behavior and instructions during the depositions were appropriate.

[4] The Seventh Circuit has described the business of copyright trolling as follows:

> In recent years, opportunistic holders of copyrights, patents, and other intellectual property have developed unsavory reputations for "trolling," bringing strategic infringement claims of dubious merit in the hope of arranging prompt settlements with defendants who would prefer to pay modest or nuisance settlements rather than be tied up in expensive litigation.  Like the proverbial troll under the bridge, these firms try to extract rents from market participants who must choose between the cost of settlement and the costs and risks of litigation.

*Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1097 (7th Cir. 2017).

well as facts which are a matter of public record"), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001).  Further, plaintiffs expect Mr. Harrington himself to provide evidence that support their claims and defenses.  *See* Doc. 74-1 ¶ 10 (stating that plaintiffs expect Mr. Harrington's own records to support their claims); *see also Blaine Harrington III v. 360 ABQ, LLC*, 22-cv-00063-KG-LF, Doc. 37 (D.N.M. Nov. 17, 2022) (court order requiring Mr. Harrington to provide information relating to his settlement of copyright infringement cases since 2015).  In short, the plaintiffs themselves are not required to have personal knowledge of every fact that supports their claims.  That Mr. Squires is aware of certain facts that support their claims and has relayed those facts to his clients in the course of his representation of them does not convert Mr. Squires into a necessary witness.

Indeed, it is not plaintiffs who have an obligation of candor to the Court.  Federal Rule of Civil Procedure 11 provides that

> (b) Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—**an attorney** or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

FED. R. CIV. P. 11 (emphasis added).  Accordingly, Mr. Squires is responsible for knowing the evidentiary support for plaintiffs' factual allegations and does not become a necessary witness by virtue of that knowledge.

Ms. Harrington relies heavily on *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, 2013 WL 12045019 (D.N.M. Apr. 19, 2013).  That case is distinguishable.  First, *Bok Fin.* involved a motion for sanctions for discovery abuses; it did not involve a motion to disqualify counsel.  *See id.* at \*1, \*17.  Second, in *Bok Fin.*, one of the EEOC's attorneys, Mr. Sylvertooth, first was an investigator for the EEOC, and then became a lawyer and entered his appearance as trial counsel in the same case that he had investigated.  *Id.* at \*10 n.7.  When the defendant took the deposition of the EEOC's 30(b)(6) witness—which was being defended by Mr. Sylvertooth— it became clear that the defendant was seeking to obtain information which Mr. Sylvertooth had obtained *as an investigator* from the charging parties.  *Id.* at \*10–12.  The court previously had found that "conversations between [a charging party] and EEOC investigator Sylvertooth were not attorney-client privileged because at the time the conversations occurred, Sylvertooth was not an attorney.  He could not give legal advice, and was functioning solely as an investigator."  *Id*. at \*10.  Those conversations therefore were not privileged.  *See id.* at \*10–12.  Finally, the court previously had expressed concerns that Mr. Sylvertooth could not act as trial counsel in a case that he had investigated for the EEOC before he was an attorney.  *See id.* at 10 n.7.  Indeed, defendants had taken Mr. Sylvertooth's deposition, and he was listed as a witness in the pretrial order.  *Id.* The Court consequently ordered Mr. Sylvertooth to withdraw as counsel or the Court would remove him.  *Id.* at 10 n.7, 18.

In this case, Mr. Squires is not in the same position as Mr. Sylvertooth.  Here, Mr. Squires has consistently acted as plaintiffs' attorney and presumably has gathered evidence that satisfies the requirements of Rule 11.  Mr. Squires has acquired information about Mr. Harrington based on other cases he has been involved in, by doing research on PACER, and by conducting discovery.  *See* Doc. 74-1 ¶¶ 4, 5, 10.  All of these methods of obtaining information are routine lawyerly functions, and none transforms Mr. Squires into a necessary witness that disqualifies him from

representing the plaintiffs in this case.  And as Mr. Squires suggests, there are other mechanisms

to test whether plaintiffs' claims are supported by evidence outside of Mr. Squires' personal

knowledge, for example, through a motion for summary judgment.  Doc. 74 at 3.  Defendant has

not established that Mr. Squires is a necessary witness in this case, and the Court will not

disqualify him from representing plaintiffs.

In their response, plaintiffs request an award of attorney's fees and costs for defending the

motion to disqualify.  Doc. 74 at 13.  They allege that the motion was brought for the improper

purpose of harassing plaintiffs and imposing costs on them.  *See id.*  The Court finds that Ms.

Harrington's motion was brought in good faith, and it will deny plaintiffs' request for attorney's

fees and costs.

IT IS THEREFORE ORDERED that Defendant Maureen Harrington's Motion to

Disqualify Plaintiff's Counsel (Doc. 73) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' request for attorney's fees and costs is

DENIED.


_____
Laura Fashing
United States Magistrate Judge