IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADLER MEDICAL, LLC; WALT ARNOLD
COMMERCIAL BROKERAGE, INC.; XUAN
NATION, LLC, AND NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT REAL
ESTATE INSTITUTE,

      Plaintiffs/Counter-Defendants,

v.                                      Case No. 1:22-CV-072-KG-LG

MAUREEN HARRINGTON, substitute for
BLAINE HARRINGTON, III

      Defendant/Counter-Plaintiff,

MEMORANDUM OPINION AND ORDER

      This matter is before the Court on Defendant Blaine Harrington III's Motion to Exclude

Expert Report and Testimony of Oren Bracha (Doc. 79).[1]  The Motion is fully and timely

briefed.  *See* (Docs. 82, 83).  The Court, having considered the briefing and the applicable law,

grants the Motion.

I.    *Background*

      In this case, the combined Plaintiffs bring a preemptive lawsuit against Mr. Harrington,

who had sent demand letters to each Plaintiff alleging copyright infringement for unauthorized

use of his photographs.  (Doc. 1) at 4–8.  The suit seeks, among other claims, a declaratory

---

[1] Since filing this Motion, Mr. Harrington has been substituted as a party by his estate,
represented by his wife, Maureen Harrington.  *See* (Doc. 95).  For the sake of clarity and
consistency, the Court will nonetheless refer to this Motion as Mr. Harrington's throughout this
Memorandum Opinion and Order.

judgment that Mr. Harrington was improperly using his copyright and therefore cannot enforce it. *Id.* at 8.

In support of their copyright misuse theory, the Plaintiffs proffered law professor Oren Bracha as an expert witness to "analyze the case law on copyright misuse in order to conclude whether relevant facts alleged in Plaintiffs' Complaint would, if proven, constitute misuse of copyright that should preclude Defendant from prevailing and recovering any damages on his counterclaim for copyright infringement." Bracha Expert Report (Doc. 79) Ex. A at 2. Mr. Bracha's report, in three parts, (1) "surveys the origin and development of copyright misuse doctrine," (2) "analytically explains the various categories of misuse in copyright caselaw," and (3) "applies the law, as explained, to the facts alleged in Plaintiffs' Complaint." *Id.* Mr. Bracha's report concludes that

> applying copyright misuse law, as surveyed and analyzed in Part III, to facts such as alleged in Plaintiffs' Complaint, results is [*sic*] a strong legal outcome of copyright misuse by Defendant. This conclusion follows from three recognized grounds of misuse: overclaiming the remedy, using settlements as a business model under circumstances of perpetuating traps for the unwary, and the strongest ground: the conjunction of the two others.

*Id.* at 24.

In the instant Motion, Mr. Harrington moves to exclude Mr. Bracha from testifying. *Generally* (Doc. 79). He argues that "it is wholly improper for an expert to interpret the law or apply the law to the facts of the case."[2] *Id.* at 6. Plaintiffs respond that "Professor Bracha's testimony will not be offered to displace or substitute for the role of judge or jury; and not to

---

[2] Mr. Harrington does not challenge Mr. Bracha's qualifications or expertise. *See* (Doc. 79) at 5. Nor, it notes, does the Court. Mr. Bracha is the William. C. Conner Chair in Law at the University of Texas School of Law, where, according to his university biography, he is "a legal historian and an intellectual property law scholar" who teaches, among other courses, copyright law. Oren Bracha Biography (Doc. 79) Ex. B at 1–2.

opine on the ultimate issue to be decided by the jury." (Doc. 82) at 4. As the Court discerns it, Plaintiffs present two primary arguments in support of Mr. Bracha's report and testimony.

First, they argue that, despite what may be in the expert report, "Plaintiffs will <u>not</u> ask Professor Bacha to opine on the ultimate question as to whether or not Mr. Harrington has engaged in copyright misuse." *Id.* at 8 (emphasis in original). Instead, they aver that Mr. Bracha will only be asked to testify about "the different aspects of a copyright claimant's conduct that could justify a finder of fact concluding that a claimant alleging copyright infringement was engaging in misuse of copyright," including being asked "to describe the various categories of actions that could be the basis of a determination as to whether or not, based on the facts in evidence, Mr. Harrington has engaged in misuse of his copyright…." *Id.* at 7. Mr. Bracha will also testify about "the policies underlying the purposes for which copyright protection has been authorized… and that in the absence of the fulfillment of those purposes, it can be appropriate to refuse to enforce a copyright." *Id.* at 7–8.

Second, Plaintiffs argue that Mr. Bacha's testimony is admissible under Rule 702 because it would be helpful to the jury: "The testimony he would offer--consistent with but not directly stated in his Report--would be for the purpose of providing information to the triers of fact to assist them by providing an understanding of copyright misuse--a complex and developing area of law--to the facts of this case." *Id.* at 10. "[T]he purpose and intended effect of Professor Bracha's testimony would be to give the triers of fact the understanding they would not otherwise have to render a well-informed verdict." *Id.* at 11.

II.     *Analysis*

    A.     *Mr. Bracha's Proposed Testimony is Inadmissible*

The Court concludes that, because Mr. Bracha's testimony is aimed at defining the law

governing copyright misuse—a core claim of this case—and applying that law to the facts of this

case, his testimony must be excluded.

As identified by Mr. Harrington, the governing case on point is *Specht v. Jensen*, 853

F.2d 805 (10th Cir. 1988), an *en banc* decision which addressed "whether Fed.R.Evid. 702 will

permit an attorney, called as an expert witness, to state his views of the law which governs the

verdict," *id.* at 806.  The Tenth Circuit answered no.

The underlying trial in *Specht* was a Section 1983 action grounded upon allegedly invalid

searches of the plaintiffs' home and office.  *Id.*  Plaintiffs called a lawyer as an expert witness,

and that expert explained the unlawful nature of warrantless searches, asserted that the

defendants conducted a warrantless search, and analyzed the applicability of the consent

exception to the facts of the case.  *Id.* at 808.  The expert witness reached the "conclusion that

defendants violated plaintiffs' constitutional rights."  *Id.*  The Tenth Circuit, in turn, concluded

that "the expert in this case was improperly allowed to instruct the jury on how it should decide

the case."  *Id.*  "By permitting the jury to hear this array of legal conclusions touching upon

nearly every element of the plaintiffs' burden of proof under § 1983, the trial court allowed the

expert to supplant both the court's duty to set forth the law and the jury's ability to apply this law

to the evidence."  *Id.*

The Court's legal holding, and the enduring rule, is that "an expert's testimony is proper

under Rule 702 if the expert does not attempt to define the legal parameters within which the

jury must exercise its fact-finding function."  *Id.* at 809–810.  But "when the purpose of

testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." *Id.* at 810. "In no instance can a witness be permitted to define the law of the case." *Id.*

The Court also noted the limits of that rule: "The line we draw here is narrow. We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Id.* at 809.

The Court's reasoning lays out broad legal principles which help explain the difference between admissible testimony merely referencing the law and inadmissible testimony which defines and applies the law. For example, "it is axiomatic that the judge is the sole arbiter of the law and its applicability." *Id.* at 807. "It is the function of the trial judge to determine the law of the case….It is impermissible to delegate that function to a jury through the submission of testimony on controlling legal principles." *Id.* at 808 (quoting *United States v. Zipkin,* 729 F.2d 384, 387 (6th Cir.1984)). And "testimony on ultimate questions of law is not favored" because "testimony which articulates and applies the relevant law…circumvents the jury's decision-making function by telling it how to decide the case." *Id.* at 808.

This Court concludes that the report and proposed testimony by Mr. Bracha fall directly within *Specht*'s prohibitions. His report, and testimony that could spring from it, purports to define the law governing misuse of copyright, which is a core claim of this case. As the report points out, there is no Tenth Circuit decision adopting copyright misuse. *See* (Doc. 79) Ex. A at 3. This Court, therefore, will have the singular duty of defining the law of this case regarding copyright misuse and instructing the jury on that law. So, the report, which collects law from around the many circuits to describe different forms of copyright misuse, does more than innocently explain black letter law or define unclear terms. Instead, by purporting to establish

the universe of relevant law and discover the contours and borders of that law, it attempts to define the law where clear law does not exist. In this way, Mr. Bracha's description of the law not only invades the prerogative of the Court, but, if presented to the jury, could cause confusion about what law it should apply to the facts. Going further, Mr. Bracha's report applies the law as it describes it to Plaintiffs' alleged facts to draw a determinative legal conclusion about Plaintiffs' and Mr. Harrington's liability. Both defining governing law and applying that law are precisely the sorts of legal testimony which supplant judge and jury, and which this Circuit forbade in *Specht*. For these reasons, Mr. Bracha's testimony is inadmissible legal opinion.

      B.    *Plaintiffs' Counter-Arguments are Unavailing*

     Plaintiffs make two attempts to evade *Specht*, one factual and one legal. Regarding the factual specifics of this case, Plaintiffs avow that Mr. Bracha's testimony will be narrower than his report by avoiding any legal conclusions which direct the jury how to decide the case and instead will focus on hypothetically explaining what type of behavior constitutes misuse of copyright. *See* (Doc. 82) at 7–8. The Court, however, is not persuaded that this distinction removes the proposed testimony from *Specht*'s reach. To the *Specht* Court, defining the governing law is as much a problem as is stating legal conclusions because,

> [i]n order to justify having courts resolve disputes between litigants, it must be posited as an *a priori* assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.... To allow anyone other than the judge to state the law would violate the basic concept.

*Specht*, 853 F.2d at 807 (quoting Stoebuck, *Opinions on Ultimate Facts: Status, Trends, and a Note of Caution,* 41 Den.L.Cent.J. 226, 237 (1964)). Put another way, the only distinction the

Case 1:22-cv-00072-KG-LF   Document 111   Filed 07/20/23   Page 7 of 9

*Specht* Court makes between defining the law and applying the law is that the former usurps the judge while the latter intrudes on the jury; both, however, are inadmissible.[3]

Plaintiffs next offer a different view of the law on point, arguing that *Specht* "does not dictate the result" in this case and that "more recent decisions of the Tenth Circuit and its district courts have often found reason not to apply the majority decision in *Specht*" where "such testimony would be helpful to the triers of fact." (Doc. 82) at 11. But the Court determines Mr. Bracha's report and proposed testimony fall in the heartland of *Specht*'s concern and that the subsequent cases cited by Plaintiffs are nonbinding, distinguishable, or both.

First, Plaintiffs cite a string of out-of-circuit opinions. *See* (Doc. 82) at 14–15 (citing cases from the Northern District of Iowa and the Second, Fifth, Seventh, and Eighth Circuits). No matter how persuasive those cases may be, they cannot overcome *Specht*'s binding effect on this Court. Next, Plaintiffs cite to several in-Circuit opinions, though this Court finds each unavailing for the following reasons.

Plaintiffs first cite to *United States v. Arutunoff*, 1 F.3d 1112, 1117–18 (10th Cir. 1993), as an example of the Tenth Circuit subsequently distinguishing *Specht* and "affirm[ing] the district court's ruling… allowing a law teacher's expert testimony." (Doc. 82) at 16. This is not quite right, however. The Tenth Circuit affirmed the defendant's conviction at the trial court, but

---

[3] And this conclusion is made taking Plaintiffs at their word about the proposed testimony. But in the first instance, the Court is not persuaded that Plaintiffs' proposed restraint actually limits Mr. Bracha to merely explaining the law. While they aver that Mr. Bracha "will not instruct the jury as to the law to apply; he will not direct it as to what specific facts they are to find or what decision they should reach," (Doc. 82) at 13–14, Plaintiffs' also attest that Mr. Bracha will be asked "to describe the various categories of actions that could be the basis of a determination as to whether or not, based on the facts in evidence, Mr. Harrington has engaged in misuse of his copyright…." *id.* at 7. At the very least, the latter statement conflicts with the former, and reveals confusion about what is a prohibited legal opinion. But more to the point, the latter proposal applies the facts to the law and falls squarely within *Specht*'s exclusions.

only after determining "that the admission of expert testimony concerning statutory definitions and the relationship between various securities acts was harmless error." *Arutunoff*, 1 F.3d at 1118. The Court reasoned the error was harmless because, unlike in *Specht*, the witness "accurately discussed the requirements of the law" but "did not attempt to apply the law to the facts of the case or otherwise tell the jury how the case should be decided." *Id.* In other words, the Court considered admission of the testimony erroneous, but not impactful enough to merit vacating the conviction. This Court does not read *Arutunoff* as altering the holding in *Specht*.

Next, Plaintiffs cite to *United States v. Dazey*, 403 F.3d 1147, 1171 (10th Cir. 2005), as another example of the Tenth Circuit allowing admission of expert testimony touching on the law of the case. (Doc. 82) at 16–17. But *Dazey* is distinguishable because the expert in question was not a lawyer explaining the law but rather a "senior official at the Federal Reserve Board" who testified about his experience leading "inter-agency efforts to combat prime bank frauds." *Dazey*, 403 F.3d at 1171. Again, this Court does not read *Dazey* as bearing on or changing the rules articulated in *Specht*.

Finally, Plaintiffs cite two district court cases which neither bind this Court nor alter this Court's analysis of *Specht*. *See* (Doc. 82) at 17. In *New Mexico v. General Electric Company*, 335 F.Supp. 2d 1266, 1304 (D.N.M. 2004), the Court allowed a law professor to testify about the Rio Grande Water Compact. But that Court admitted the testimony without reference to *Specht* and without addressing concerns about the legal nature of the testimony (in fact, in over 40 pages, the opinion does not once acknowledge *Specht*). Rather, the Court merely reasoned that testimony which was "descriptive of the historical materials and relationships that exist" was both reliable and helpful as "background and context" for determining factual issues. *General*

*Electric Co.*, 335 F.Supp.2d at 1306.  This Court determines that expert testimony is distinct from Mr. Bracha's and the case does nothing to undermine *Specht*'s rule.

And in *Abraham v. WPX Production Productions, LLC*, 184 F.Supp. 3d 1150 (D.N.M. 2016), the Court allowed a legal expert to explain facts related to lease terms—specifically to explain terms that have a "distinct and specialized meaning in the law," *id.* at 1204—but otherwise applied *Specht* to exclude legal opinion testimony.  That case, therefore, affirms *Specht*'s relevance, and is distinguishable from this case anyway because Mr. Bracha is not proffered to explain facts; he is proffered to define the governing law.

In conclusion, none of these cases do anything to undermine or narrow the rules of law articulated in *Specht*, nor are they analogous enough to this case to persuade this Court to deviate from its view that Mr. Bracha's proposed testimony clearly implicates *Specht*, which controls the outcome here.

III.    *Conclusion*

Because Mr. Bracha's report and proposed testimony purport to frame or define the law governing copyright misuse, which supplants the role of the judge, and apply that law to the facts of this case, which intrudes on the responsibilities of the jury, his proposed testimony is hereby deemed inadmissible.  The Motion to Exclude (Doc. 79) is, therefore, granted.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE