IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ADLER MEDICAL, LLC; WALT ARNOLD
COMMERCIAL BROKERAGE, INC.; XUAN
NATION, LLC, AND NM CCIM CHAPTER
OF THE COMMERCIAL INVESTMENT REAL
ESTATE INSTITUTE,

      Plaintiffs/Counter-Defendants,

v.                                          Case No. 1:22-CV-072-KG-LG

MAUREEN HARRINGTON, substitute for
BLAINE HARRINGTON, III

      Defendant/Counter-Plaintiff,

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Maureen Harrington's Motion for Leave to File First Amended Counterclaim/Third-Party Complaint (Doc. 41).[1] The Motion is fully and timely briefed. *See* (Docs. 43, 44). The Court, having considered the briefing and the applicable law, grants the Motion.

I.    *Background*

This case arose when Mr. Harrington, a photographer, sent demand letters to several New Mexico-based entities related to their alleged use of his copyrighted photographs online. Complaint (Doc. 1) at 5–7; *also, id*. Exs. A–D. Those entities preemptively sued Mr. Harrington,

---

[1] This Motion was filed by the original Defendant, Blaine Harrington III. Since filing this Motion, Mr. Harrington has been substituted as a party by his estate, represented by his wife, Maureen Harrington. *See* (Doc. 95). The Court will refer to the Motion as Ms. Harrington's throughout this Memorandum Opinion and Order.

alleging misuse of copyright, among other claims. *Id*. at 8. Mr. Harrington counter-sued for copyright infringement. (Doc. 8).

In this Motion, Ms. Harrington seeks leave to file her First Amended Counterclaim and Third-Party Complaint. *See generally* (Doc. 41). The purpose of the amendment is to add one new Third-Party Defendant, Enchantment Marketing, LLC, on a direct and/or contributory infringement claim. *Id*. at 2. According to Ms. Harrington, she learned through discovery that Enchantment is a marketing business allegedly responsible for creating the offending advertisements for Plaintiff/Counter-Defendant Xuan Nation. *Id*. Ms. Harrington argues that amendment is proper under Federal Rule of Civil Procedure 15(a)(2), which allows amendment with leave of the Court, because the amendment will cause no delay or prejudice, and is not futile. *Id*. at 2–3.

The Court notes the provisional discovery plan and scheduling order in this case set a deadline for motions to amend for May 31, 2022. (Doc. 28) at 2. This Motion was filed May 13, 2022—well within the deadline.

Plaintiffs oppose the amendment, arguing that, despite meeting the deadline, the Amendment was untimely because Ms. Harrington knew of Enchantment Marketing early enough to add them before the May 9, 2022, settlement conference but intentionally waited to file her Motion; that amendment will cause delay by extending discovery and requiring another settlement conference; that amendment will prejudice Plaintiffs by increasing litigation costs due to delay. *See* (Doc. 43) at 3–5.

II.  *Legal Standard*

Where the time has passed to amend a complaint as a matter of right, Rule 15 permits a party to amend its pleading before trial "with the opposing party's written consent or the court's

leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The rule is generally liberally construed in favor of amendment: "In the absence of any apparent or declared reason…the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Those "reasons" for denial are clearly articulated. A district court should refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & County of Denv.*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

III.   *Analysis*

Finding no dispositive reason to refuse leave to amend, the Court grants the Motion. Plaintiffs raise bad faith, undue delay, and undue prejudice as issues. The Court addresses each in turn.

First, Plaintiffs assert that Ms. Harrington improperly delayed filing her Motion until after the May 9 settlement conference as a dilatory tactic meant to cause delay and expense. The Court, however, sees little evidence of bad faith. Ms. Harrington learned of Enchantment Marketing on April 20, 2022, and filed the Motion to Amend May 22, 2022. (Doc. 43) at 3; (Doc. 44) at 2. This is a facially reasonable timeline. The Motion was also filed more than a week before the May 30 deadline, and was, therefore, timely. *See* (Doc. 41). The argument that Ms. Harrington meant to exclude Enchantment from the settlement conference to force a second settlement conference is not well taken. Ms. Harrington notified Plaintiffs of her intent to add Enchantment before the settlement conference and Enchantment was present at the conference (albeit as a non-participant). (Doc. 41) at 4; (Doc. 43) at 3. For her part, Ms. Harrington states

she waited to file the Motion because the May 9 settlement conference "had the possibility of resolving this lawsuit in its entirety." (Doc. 41) at 3. The Court determines that waiting to seek amendment of the Third-Party Complaint until after the settlement conference was a reasonable litigation decision not indicative of bad faith or any intent to increase litigation costs.

Next, Plaintiffs argue that adding a new third-party defendant will naturally cause delays in the litigation, especially through elongated discovery. (Doc. 43) at 4. Any delays associated with the amendment, however, will be minimal—the Court conditionally ordered a 60-day extension of discovery for the new party, for example. (Doc. 110) at 2. Otherwise, discovery has only just concluded, no dispositive motions are pending, and trial has not been set. The Court concludes that this marginal delay is not undue.

Finally, Plaintiffs urge they will suffer prejudice through increased litigation costs. Given that Enchantment will have to defend itself against the third-party claim, the Court is not persuaded that any meaningful additional costs will accrue to Plaintiffs. Plaintiffs claim that delays "unavoidably" increase expenses, though they do not specify what those expenses will be. (Doc. 43) at 4. They also argue that an extra settlement conference must be conducted. *Id.* Even if a new party will require an additional settlement conference in the abstract, the parties in fact failed to settle at their first settlement conference, so another conference would be necessary anyway. Adding Enchantment to this litigation is efficient and any added costs are not prejudicial to Plaintiffs. For these reasons, each of Plaintiffs' arguments against amendment are unavailing.

IV.   *Conclusion*

Enchantment's identity was only revealed in the discovery process, and any claims against it are intertwined with the facts and claims in this lawsuit; adding it to this action is

4

logical and clearly falls well within the lenient Rule 15 standard.  Plaintiffs have not persuaded the Court that the amended Third-Party Complaint would cause delay or prejudice, nor that it was the result of bad faith.  The Court, therefore, grants the Motion.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE